Seeley
*v.*
Bishop.

### Seeley *against* Bishop.

Where a parcel of land is sold for a specific purpose, and conveyed, without reservation, the law will not imply, in favour of the vendor, a right of way of necessity over or through such land, inconsistent with the object of the purchase.

Where a right of way of necessity exists, in favour of any person, it is not a fixed and located way, absolutely vested in him, but is qualified by the necessity in which it originated, and is varied or ceases, as that necessity varies or ceases.

An action on the case for a nuisance cannot be sustained, unless the plaintiff shows a particular injury to himself, distinct from that which he suffers, in common with the rest of the community.

Therefore, where the grievance complained of, consisted in the erection, by the defendant, of a dam in a navigable creek, by means of which the plaintiff was prevented from passing along such creek, from his residence above to his land below, and the converse; it was held, that this obstruction was not the subject of a private action.

THIS was an action on the case, for the obstruction of a right of way of necessity, claimed by the plaintiff, over land owned by the defendant, and also for the obstruction, by means of a dam across a navigable creek, of the plaintiff's passage along the creek to his land.

The cause was tried, on the general issue, at *Danbury, October* term 1847, before *Waite,* J.

The land described in the plaintiff's declaration, was a part of a tract of salt meadow, formerly owned by *Charles Knapp,* now deceased, containing about one acre, and bounded, on the *North,* by a causeway, leading from a drift-road to *Manhattan* island, and on the *South,* by a creek, called the *Back* creek. This tract, while owned by *Knapp,* was no otherwise accessible by land, than from a public highway, along such drift-road and causeway, to said meadow; and *Knapp,* and the former owners, had been accustomed to pass along said drift-road and causeway, to and from said meadow; and had no other way thereto. In the year 1833, *Alfred Bishop,* was about to cut a navigable canal, from the navigable waters in the harbour of *Stamford,* across the meadows, to a place near the village in *Stamford;* and for that purpose, had caused a survey of the route of the canal to be made, which crossed the meadow of *Knapp.* To make such canal, it became necessary for him to pur-

chase the meadow lying in the route. He therefore applied to *Knapp*, for the purchase of a part of his tract of meadow, for the construction in part of said canal, and an embankment for a tow-path adjoining it. On the 15th of *May*, 1833, *Knapp* sold, and by his warranty deed of that date, conveyed, to said *Bishop*, all that portion of said tract of meadow, which adjoined said causeway and drift-road, lying on the *North* end of the tract, containing about one quarter of an acre. *Bishop*, immediately afterwards, caused said canal to be dug; which is one of the obstructions complained of in the declaration, and which entirely separated the residue of *Knapp's* meadow from said causeway and drift-road, and entirely obstructed the passage to said meadow, by means of the causeway and drift-road.

After the decease of *Knapp*, his heirs at law sold, and by their deed, dated *March* 29th 1844, conveyed, the residue of said tract of meadow, being in quantity about three roods, to *Frederick Lockwood;* and *Lockwood* afterwards sold, and by his deed, bearing date *April* 9th 1845, conveyed, the same to the plaintiff; which residue so conveyed, is the same meadow, described in the plaintiff's declaration.

After *Bishop* had constructed said canal and tow-path, he conveyed the same, with all the meadow by him purchased of *Knapp*, to the defendant, who has ever since continued to use and occupy the same; constituting in part the injury complained of in the declaration.

The plaintiff offered evidence to prove, that on the 21st of *June* 1845, he gave the defendant notice in writing to remove such obstruction. The defendant claimed, that *Bishop* purchased said meadow of *Knapp*, for the avowed purpose of constructing said canal; that he and the defendant, at all times since that purchase, had provided the owners of the plaintiff's meadow with a good and convenient way thereto, which had been used by them, without objection from any one, until said notice was given; that *Knapp* had knowledge of the construction of said canal, which was done at great expense to *Bishop*, and made no objections thereto; that the defendant, after he became the owner of said canal, and before the plaintiff's purchase of said meadow, had, at considerable expense, constructed, upon his tow-path, a good and convenient open way, between the village of *Stamford,* where

the plaintiff resided, and said meadow, by means of which the plaintiff could, at all times, pass to and from his meadow, on foot, and with teams, in a manner more convenient to him than he could pass along said drift-road, had there been no obstruction across it; and that the plaintiff, at the time of his purchase of the meadow, had knowledge of these facts. The defendant offered evidence in support of this claim.

The plaintiff objected to all the evidence, which related to the acts and conduct of the former owner of his meadow; but the evidence was admitted.

The plaintiff claimed, that *Knapp*, upon his sale to *Bishop*, there being no express reservation of any way in his deed, had, impliedly, a way of necessity reserved to him, across the meadow conveyed, which could not be extinguished, but by another fixed, definite, legal and vested way, and not by a mere temporary, revocable license; and that, unless the jury should find from the evidence, that he had been provided with such other way, at the time the suit was brought, he was entitled to the one claimed in his declaration, and the defendant was liable for the obstruction thereof. He further claimed, that he could acquire no right of way on said tow-path, by any user short of fifteen years, nor by the user of any other persons; and that the defendant, in order to extinguish the plaintiff's right of way, as claimed by him in his declaration, should have given or tendered to the plaintiff, a conveyance of a right of way over said tow-path; and he prayed the court so to charge the jury.

But upon this subject, the court instructed the jury, that *Knapp*, by his conveyance to *Bishop*, of all the meadow adjoining the causeway and drift-road, without any express reservation of any way across the meadow so conveyed, had no right of way across it, except such as was created by the necessity of the case; but such omission of a reservation of a way in the deed, did not deprive *Knapp*, or his heirs or assigns, of a reasonable and convenient way, at all times, to the residue of his said meadow; but that he, and all persons, owners of said meadow, and deriving title from him, were forever entitled to such way. If the jury should find, from the evidence before them, that the defendant had, at all times, since the plaintiff had become the owner of said

meadow, provided the plaintiff with a good and sufficient way to and from his meadow, and such as would reasonably accommodate him, in passing to and from the same, and that known to the plaintiff, he could not be liable to him for the continuance of said canal across the meadow conveyed to *Bishop*. But if the jury should find, that the defendant had failed to provide the plaintiff with such way, at any time after the plaintiff had become the owner of said meadow, and before the commencement of this suit, he would be liable for the continuance of the obstruction complained of.

*Fairfield,*
July, 1848.

Seeley
*v.*
Bishop.

In support of another part of the declaration, the plaintiff offered evidence to prove, that *Stamford*, at the commencement of this suit, was, and for a long time previously had been, *a port of entry*, under the laws of congress ; that a certain creek, called *Back* creek, extended from the waters in the harbour of *Stamford*, for some distance, into the adjoining meadows ; that the plaintiff's meadow was bounded by such creek, on the *South*, where it was from four to five rods in width, and the water therein, at high water, was from four to five feet in depth, and was navigable for boats and small sloops drawing not more than five feet of water ; and that the tide ebbed and flowed in this creek. He also introduced evidence to prove, that *Bishop*, at the time of making his canal, built a dam across the creek, below the plaintiff's meadow, and above the junction of the creek with the canal, by means whereof the communication between the plaintiff's meadow and the harbour, by boats and small vessels, was prevented ; which obstruction the defendant, ever since he became the owner of the canal, had continued.

There was no evidence that the plaintiff's meadow had ever been used as a landing-place for boats or vessels, or in any connexion with the creek, or for any other purpose than the production of hay. Nor was there any evidence that there was upon the creek, above the dam, any dock, wharf, or landing-place, for the accommodation of boats or vessels ; or that the creek had ever been used for the purposes of navigation, except that formerly, boats or small sloops had been seen occasionally sailing in its waters.

The defendant introduced evidence to prove, that *Knapp*, when he owned the plaintiff's meadow, had knowledge that *Bishop* was building said dam, to aid in the preservation of

the canal, without making any objection against it ; and that no objection was ever made against its erection, by the plaintiff, or any previous owner of his meadow, until the notice given by the defendant, on the 21st of *June* 1845.

The court charged the jury, that upon the undisputed facts in the case, the plaintiff was not entitled to recover upon this part of the declaration.

The jury returned a verdict for the defendant ; and the plaintiff moved for a new trial.

*Hawley* and *Butler*, in support of the motion, contended, among other points which the decision of the court has rendered immaterial, 1. That the charge was erroneous, in not instructing the jury, in conformity with the plaintiff's claim as to the way of necessity. Under the circumstances that existed, that way must have been, and was, upon the old causeway. But a way of necessity cannot be made to cease, by the mere act of the party over whose land it runs. The law does not place the owner of the way entirely at his pleasure or caprice. But if he may put an end to the way, by the substitution of another, the substitute must be *a way*—what the law regards as such—not a mere license, depending for its continuance on the will of the owner of the land on which it runs, and revocable at his option, but a fixed, established way, which the party has a right to use, and continue to use, without being a trespasser, and without liability to be driven off. The charge left it to the jury, to find whether the defendant had furnished a way, without instructing them, what would constitute such a way as would terminate the way of necessity. And under the charge, if the jury found a mere temporary license, revocable at the pleasure or caprice of the defendant, they must have given a verdict for the defendant. Again, the facts detailed furnish no foundation for the charge. There was nothing in those facts, which would have justified the plaintiff, if sued in trespass for using the tow-path.

2. That there was nothing in the facts shown, or referred to, which justified the court in leaving it to the jury to find whether the plaintiff *had notice* that he might use the way. In the first place, the fact that others had used the tow-path, in going to *their* lands, was no evidence of such notice ; for

they may have had particular license, or may have been tres-
passers; and a way to their lands, is no way to the plain-
tiff's. Secondly, the general understanding in the commu-
nity, was no evidence of either notice, or a right to use the
tow-path. Thirdly, user by others. for three or four years,
furnished no evidence of notice, nor that any person had a
right, still less that the plaintiff had. *Benedict* v. *Benedict*,
5 *Day*, 466, 7. *Smith* v. *Simons*, 1 *Root*, 318. *Bush* v.
*Golden* & al. 17 *Conn. R.* 594.

3. That the plaintiff was entitled to recover, for the ob-
struction, by means of the dam, of his right of passage in
the creek.

*Dutton* and *Ferris*, contra, after remarking, that if the
plaintiff had any right of way to his meadow described in
the declaration, it was a way of necessity, created by opera-
tion of law, contended, 1. That such a way, though called a
way of necessity, merely furnishes evidence of the intention
of the parties, and the law will give effect to the grant, ac-
cording to such intention, as presumed from the circumstan-
ces of the case. Consequently, the owner of the land, over
which such a way passes, may locate it where he pleases,
provided he furnish a convenient way, to the person entitled
to such an easement. *Russell* v. *Jackson*, 2 *Pick.* 576, 7.
*Farnum* v. *Platt*, 8 *Pick.* 339. 2 *Greenl. Ev. sec.* 658.
A way of necessity exists only by necessity, and ceases
with the necessity in which it originated. 3 *Kent's Com.*
422. *Pierce* v. *Selleck*, 18 *Conn. R.* 321. 329. *Collins* v.
*Prentice*, 15 *Conn. R.* 39.

2 That the dam across *Back* creek, furnished no ground
of action to the plaintiff. In the first place, it was necessary
for the plaintiff to show *actual* injury to himself. But he
has alleged no special damage, and proved no injury. Sec-
ondly, if the creek was navigable, its obstruction was an in-
jury, (if at all,) to the public. An individual, to recover
damage for the obstruction of a highway, or a navigable
stream, (which is to be regarded in the same light,) must
prove special injury to himself, as contra-distinguished from
the injury to the public in general. 1 *Sw. Dig.* 552. 2
*Selw. N. P.* 300. *O Brien* v. *The Norwich & Worcester
Railroad Co.*, 17 *Conn. R.* 372.

3. That the evidence as to the acquiescence of *Knapp*, and the former owners of the meadow, was admissible. *Brown* v. *Wheeler*, 17 *Conn. R.* 345. *Roe* v. *Jerome*, 18 *Conn. R.* 138. 1 *Saund. Pl. & Ev.* 46. 2 *Stark. Ev.* 47.

ELLSWORTH, J. The two grounds of action, stated in the declaration, are, the interruption of a way of necessity to the plaintiff's meadow, and the maintaining a dam across a navigable creek, so that the plaintiff cannot pass along it to his land. Other questions have been discussed at the bar; but the conclusion to which we have come, upon the two main points, makes an end of the case upon its merits. We do not think, that the plaintiff, or those under whom he holds, had, after the sale of the land *for a canal,* in 1833, from *Charles Knapp* to *Alfred Bishop,* any right of way of necessity over the same. The whole piece or strip of land was purchased, as the deed discloses, *for a canal,* to be used for that purpose, without any reservation. In such case, the law will not imply any—certainly not one that is inconsisent with the object of the purchase. Suppose the land had been purchased, in express terms, to be occupied by a building, and is, afterwards, so occupied; will the law imply a right of way over or through it? No more will it through a canal. Such an implication is inconsistent with the express agreement, as well as the manifest object of the purchaser, and would destroy the value and purpose of the purchase. In the case of *Collins* v. *Prentice,* 15 *Conn. R.* 39., this court recognized fully, and to as great an extent as any other court, the doctrine of a way of necessity; but no such principle, as is now contended for, will find countenance in that decision.

When *Charles Knapp* sold and conveyed all the front of his land, he did it for a particular purpose, and for an adequate and corresponding consideration. He understood that he was not to pass over the land, after the canal was made; and we know of no law which gives him, by implication, a right of way over other land of the grantee; though in fact, as a matter of favour, the plaintiff, and those under whom he holds, have been accommodated with a right of way to which they have no legal claim. The judge, in his charge, in allowing so much to the plaintiff, went further

than we think he was obliged to go ; but the plaintiff cannot complain of this.

Even if the plaintiff is entitled to have a convenient way, this is not, as his counsel claim, a fixed and located way, absolutely vested in him, never to be changed or lost. In *Pierce* v. *Selleck*, 18 *Conn. R.* 321., this court held, that a right of way of necessity, in whatever manner it may have originated, is limited by the necessity which created it, and is suspended or destroyed, whenever that necessity ceases ; and this, notwithstanding its continuance would be convenient to the party claiming it. So long, then, as the plaintiff is well accommodated, he cannot, on any ground, claim to have the canal filled up, or a bridge maintained over it, for his convenience, at another's expense.

We have as little doubt upon the second question. Allowing that the defendant continues a dam across this creek, which may possibly interrupt the plaintiff in passing to his meadow, it is but a public highway ; and what peculiar injury does he state he suffers, which entitles him to bring a civil action ? If he can sue, so can every man who owns land on the creek, or, were it a river, every man who owns land on its banks. The public authorities alone can complain of nuisances, while they remain public or general ; while individuals may sue for peculiar injuries sustained by themselves. These principles are too familiar to require a reference to authorities.

The remaining questions we notice only to say, that they become unimportant, if the views already expressed are correct. If the plaintiff has no ground of complaint for the manner in which the judge disposed of the claim for a right of way ; nor for the continuance of the dam ; the plaintiff cannot recover, if we grant him a new trial. We see, however, no errors in the course taken by the court below.

We do not advise a new trial.

In this opinion the other Judges concurred.

New trial not to be granted.