[No. 2,386.]

WILLIAM ARAM, TRUSTEE OF THE ORCHARD STREET DIS-
TRICT PUBLIC SCHOOL, JAMES MURPHY, BERNARD
S. FOX, MARK FARNEY, AND JOHN R. MERRITT
v. MOSES SCHALLENBERGER, HENRY ROBIN-
SON, AND SAMUEL Q. BROUGHTON.

OBSTRUCTION TO PUBLIC ROAD.—A private individual cannot maintain an
action to prevent or abate a nuisance, caused by obstructing a public high-
way, unless he shows some special damage to him, in addition to that
received by the public.
WHO MAY SUE FOR OBSTRUCTING PUBLIC ROAD.—The facts that the par-
ties who bring an action to prevent or abate a nuisance, caused by obstruct-
ing a public road, own land fronting on the road, and have no other means
of access to their lands except over and along the road, do not show such
special damage to the plaintiffs, in addition to that sustained by the public,
as enables them to maintain the action.

APPEAL from the District Court of the Third Judicial Dis-
trict, Santa Clara County.

The plaintiffs alleged that the defendants were about to
obstruct a public road by building a fence across the same,
and asked for a preliminary injunction, and that, on the trial,
the injunction be made perpetual.   The defendants demurred
to the complaint, and the Court overruled the demurrer.   A
preliminary injunction was granted, and, the defendants hav-
ing answered, on the trial a perpetual injunction was decreed.
The defendants appealed.

The other facts are stated in the opinion.

*Moore, Laine & Silent,* for Appellants.

The Court erred in overruling the demurrer.   The rule is
universal that an injunction will not be granted to prevent a
public nuisance, on the application of a private individual,
unless the apprehended nuisance would be specially danger-

ous to the person making the application, or injurious to his property; and it must be an injury distinct from that which he suffers in common with the rest of the public. The injury must be peculiar to the plaintiff, and not common to him and many others. If it operates equally or in the same manner upon many individuals, constituting a particular class, though a very small portion, of the community, it is not a special damage to each, within the rule. (Thompson on Highways, 256; Hilliard on Torts, vol. 1, pp. 637, 638; *Yolo County* v. *City of Sacramento,* 36 Cal. 193; *Proprietors of Quincy Canal* v. *Newcomb,* 7 Metcalf, 283.)

*Alexander Yoel,* for Respondents.

Any inhabitant has the right to forbid the erection of an obstruction on public places. (*New Orleans* v. *Garcia,* Lou. Cd. Rpt. 253.) An individual who complains of an obstruction to a highway may maintain an action for it. (Angel on Corp. 191, Sec. 206; 2 La. Con. Rep. 66.)

By the Court, TEMPLE, J.:

I think the demurrer to the complaint ought to have been sustained, on the ground that it shows no special damage to the plaintiffs. The road is alleged to be a public highway, and the action is to prevent an obstruction. No doubt a private individual may sue to prevent or abate a public nuisance; but he must always show some special damage to him in addition to that received by the public. The rule is plain, and has always, so far as I know, been adhered to; the questions most usually raised are as to the character of injury which will be considered a special injury to private individuals. In this case the only allegations which can be claimed to show special damage are, that plaintiffs each own tracts of land adjoining the alleged road, and have no other means of access to their lands except over and along said

road. No special injury to their property is averred, and although, from the facts stated, we may conclude that the inconvenience to them will be greater than to the general public, it results simply from the more frequent occasion they may have to travel the road, and is of the same nature as would occur to any other person who might have occasion to use it.

In the case of *The Proprietors of Quincy Canal* v. *Newcomb*, 7 Met. 276, the defendant, being sued for toll for the use of plaintiffs' canal, set up that the canal had not been built according to the charter, and defendant was greatly damaged thereby, and could not have the same advantageous use of the canal which he might have had if it had been constructed as required by the Act of incorporation. Chief Justice SHAW says, in deciding the case, that even admitting the right to set up damages in mitigation, evidence to support this defense was properly refused; for, if he suffered damage from the failure to construct the canal as required, or from its filling up, it was damage in common with all the members of the community, and therefore redress must be sought in a public prosecution; that "where one suffers in common with all the public, although from his proximity to the obstructed way, or otherwise from his more frequent occasion to use it, he may suffer in a greater degree than others, still he cannot have an action, because it would cause such a multiplicity of suits as to be itself an intolerable evil." To the same effect is the case of *Sully* v. *Bishop*, 19 Conn. 128. *O'Brien* v. *Norwich and Worcester R. R.*, 17 Conn. 372, was a case in which a private individual attempted to enjoin the defendant from constructing its railroad across an arm of the sea, which is alleged to have been navigable and to have been used by the plaintiff and others, at their pleasure, for the purpose of passing up and down the cove connected by it with the River Thames, a navigable river; that by means of the road so constructed

the navigation of the cove would be greatly obstructed and rendered almost wholly useless. The relief was denied, on the ground that the injury was the same that might occur to any one having occasion to pass up and down the cove. He showed no damage which was special to himself. (See, also, Hilliard on Torts, 636.)

These authorities are directly in point, and none have been cited to a contrary effect, although there are some where a very slight damage peculiar to the plaintiff has been held sufficient to enable him to maintain the action.

Judgment reversed and cause remanded, with directions to sustain the demurrer.