JOHN BIGLEY, Respondent, v. EDWARD NUNAN,
Appellant.

No. 3698; October 2, 1874.

**Nuisance—Obstruction of Street—Jurisdiction.**—An action for
nuisance imputed to the defendant in obstructing a public street in
front of his premises is not one involving title to real estate, so as
to be beyond the jurisdiction of the county court.

**Dedication.**—The Filing in the Recorder's Office by a Tract
Owner of a map of the tract, divided into blocks, bearing a memoran-
dum written and signed by him requesting such filing to be made and
stating the map to be a plan according to which he would make sales
and conveyances, is a dedication to the public of the streets marked
on the map, which dedication, on being accepted, becomes irrevocable.

**Evidence.**—Possession is Prima Facie Evidence of Title, and
raises a presumption, if unexplained, that the possessor is the owner.

**Dedication—Use of Part of Street as Acceptance.**—Acceptance
by the public of a street dedicated through the filing in the recorder's
office of a map of a tract is sufficiently shown by the fact of a public
user of one side of the street bed, although the other side is ob-
structed by sand so as to render it impossible for travel.

**Nuisance.**—A Private Person cannot Recover Damages Result-
ing from a public nuisance suffered by him in common with the public,
yet if he sustain a peculiar injury which is a special damage to him,
in addition to the damage to the public, an action will lie.

APPEAL from Fourth Judicial District, San Francisco
County.

Hutton & O'Neil for respondent; George & Loughborough
for appellant.

See Bigley v. Nunan, 53 Cal. 403.

CROCKETT, J.—This appeal is by the defendants from a
judgment of the county court in an action for nuisance caused
by the obstruction of a public street in front of the plain-
tiff's premises.

The point that the action involved the title to real estate,
and that for that reason the county court had no jurisdiction,
is not well taken. The questions before the court were: 1.
Whether the locus in quo was a public street; that is to say,

whether the public had an easement which entitled it to the free use of the land as a highway. If the easement existed, it is immaterial in whom the fee was. 2. If the easement was established, did the defendants obstruct the free enjoyment of it, as alleged? 3. Had the plaintiff suffered such damages as entitled him to maintain the action?

The first proposition is the only one which presents any real difficulty. The plaintiff claims to have established that on the 31st of January, 1861, the northerly half of the block, through the center of which the street runs, was the property of J. C. Beideman, and on that day he filed in the recorder's office a map of this and other adjoining blocks, on which the street in controversy was laid down and was denominated "Olive avenue." On the map was a memorandum in the handwriting of Beideman in these words:

"The county recorder of the city and county of San Francisco will please file in his office the above map or plan of the Beideman tract of land, according to which I shall hereafter make all sales and conveyances.

"(Signed)   J. C. BEIDEMAN."

The obstructions complained of are fences including the northerly half of Olive avenue, which is alleged to be thirty-five feet wide, and the plaintiff claims that when Beideman filed the map he was the owner of the land on which the obstructions are placed, constituting the north half of the street. It is claimed that the filing of this map was a dedication of the land by Beideman to public use, and that the dedication was accepted by the public. If Beideman was the owner of the land when the map was filed, there can be no doubt that the dedication was complete on the filing of the map, and if the dedication was accepted by the public, it was thereafter irrevocable. On this branch of the case the points relied upon by the defense are, first, a failure of proof that Beideman was the owner; second, that there is no evidence of an acceptance by the public; third, that Beideman revoked the dedication by conveying the land to the defendants or their grantors. There is no evidence of title in Beideman other than that in January, 1861, and prior thereto, he was in possession of the strip of land constituting the north half of the street. The evidence of his possession is rather vague and unsatisfactory. Nevertheless, we cannot say there was

a total failure of evidence on that point, or that it was insufficient to support the judgment, in the absence of all countervailing evidence. Possession is of itself prima facie evidence of title, and raises a presumption, if unexplained, that the possessor is the owner. The evidence of title in Beideman was, therefore, sufficient to support the judgment.

In respect to the acceptance of the dedication by the public there was evidence tending to show that at the time of filing the map, and for some time thereafter, a large portion of the north half of the street was so obstructed by sand that teams could not pass over it, but the south half was used as a roadway through the entire block, not only by the persons whose premises extended to the street on the south side, but also by the public. We think this was a sufficient user to constitute an acceptance of the dedication. If a portion of one side of a street dedicated to public use be so obstructed by natural causes as to render it inaccessible for ordinary travel, the use of the remainder by the public is an acceptance of the whole.

The proof shows that the street was used by the public as far as it was capable of use in its then condition, and to constitute an acceptance it is not essential that the user should extend to every square yard of a street dedicated to public use. The dedication having been accepted, Beideman had no power thereafter to revoke it. This view of the case renders it unnecessary to consider the question of dedication by the city.

But it is contended the plaintiff suffered no such special damage from the obstruction as will enable him to maintain the action. Section 249 of the Practice Act then in force defines as a nuisance anything that is "an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property." Whilst it is true that a private person cannot recover damages resulting from a public nuisance which he suffers in common with the public, yet, if he sustains a peculiar injury which is a special damage to him, in addition to the general damage to the public, an action will lie: Aram v. Schallenberger, 41 Cal. 449.

It appears in this case that the plaintiff's property fronting on the street was greatly depreciated in value in con-

sequence of the obstruction. This a special damage which entitled him to maintain the action.

Judgment and order affirmed.

We concur: Wallace, C. J.; Rhodes, J.; Niles, J.; McKinstry, J.