[No. 5087.]

# FRANCIS P. JARVIS AND HOWARD S. JARVIS v. THE SANTA CLARA VALLEY R. R. COMPANY AND H. BARTLING.

ABATEMENT OF NUISANCE.—A private person cannot maintain an action for the abatement of a nuisance caused by interrupting the navigation of a navigable stream unless he suffers damage peculiar to himself, and differing from that suffered by the public who have occasion to use the stream.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

The complaint, which was filed on the 7th day of December, 1875, alleged that there was a salt-water creek, into which the tide ebbed and flowed, in Alameda County, between Dunbarton Point and Alviso; and that the creek extended from the Bay of San Francisco to Mayhew's Landing, a distance of about four miles, and was one hundred and fifty feet in width and seven feet in depth, and was a navigable stream, and had been used as such for upwards of twenty years by vessels of one hundred and ten tons burden and under; and that vessels had been accustomed, during all of said time, to navigate the same to said landing with cargoes of lumber and merchandise, and grain and hay, and other produce of the adjacent country, for the San Francisco market; that the plaintiffs had for ten years owned and occupied " Mayhew's Landing," which consisted of about seven acres of land on which wharves, docks, warehouses, yard-room, etc., were erected; that the plaintiffs were also the owners of a vessel of sixty tons burden, with which, for many years, they had navigated the creek, and Bay of San Francisco, from and to the landing; and that they stored grain in the warehouse, and transported it to market, and conducted the business of keeping a lumber-yard; and that they derived an annual profit of more than five thousand dollars from the business; and that the navigation of the creek was of great importance to the plaintiffs and the farmers adjacent to said landing, and should not be interrupted.

That the Santa Clara Valley Railroad Company was a corpo-

ration organized to construct a railroad from Dunbarton Point, on the Bay of San Francisco, by way of Alviso, to San José, and defendant Bartling was its President and General Superintendent, and that the defendants had obstructed the navigation of the creek by driving piles and building a bridge across it, in which they had placed a draw only thirty-six feet in width; that the bridge and draw deflected from a right angle to the current of the stream so that a vessel in passing through would strike against the side, and that the draw should have been fifty feet in width, and that it was a nuisance and a perpetual obstruction to the navigation of the creek, and delayed the plaintiffs in the navigation of their vessel, and that they had sustained fifty dollars damage.

There was a prayer for the abatement of the bridge as a nuisance, and that the defendants be enjoined from constructing or maintaining a bridge unless it had a draw fifty feet in width, placed at right angles to the stream. The defendants were defaulted, and judgment was rendered against them according to the prayer of the complaint, and they appealed from the judgment.

*R. P. & H. N. Clement* and *Geo. W. Chamberlain,* for the Appellants.

The allegations of the complaint are not sufficient to constitute a cause of action upon which a judgment can be founded. The only theory upon which the judgment in this case can stand is that the complaint sufficiently alleges either a private nuisance, or a public nuisance, from which the plaintiffs sustain some private injury peculiar to themselves, and not in common with any one else. ( *Yolo County* v. *The City of Sacramento,* 36 Cal. 194; *Blanc* v. *Klumpke,* 29 Cal. 156.) It is not pretended or claimed by the respondents that the erection of the bridge by the appellants is a private nuisance—indeed, the complaint alleges that the estuary or arm of the bay in question is " a navigable stream, and has been used as such for upwards of twenty years," any obstruction of which would, as a matter of course, constitute *per se* a public and not a private

nuisance. (*Aram* v. *Schallenberger*, 41 Cal. 449; *L. T. Co.* v. *S. & W. W. R. Co.* Ibid. 562.

*A. M. Crane,* for the Respondents.

By the COURT:

The complaint does not contain a statement of facts showing that plaintiffs have suffered such damage (peculiar to themselves, and differing in kind and character from that suffered by members of the general public having occasion to use the navigable stream) as will authorize the maintenance of an action like the present.

Judgment reversed, and cause remanded.