JACKSONVILLE, TAMPA & KEY WEST RAILWAY COMPANY, APPELLANT, vs. WILLIAM THOMPSON, APPELLEE.

1. The wilful obstruction of a public highway is an indictable offense and a public nuisance, yet no individual can maintain a suit for any damage, inconvenience or expense suffered by him by reason of such obstruction in common with the people of the community.

2. In order to maintain a suit for the wilful obstruction of a public highway, the person aggrieved must have suffered some special and particular damage, differing not only in degree, but in kind, from the damages sustained by the community at large.

3. The reason given by the authorities for the rule announced in the preceding head-notes is that a suit does not lie against one obstructing a public highway in favor of every one passing along the same, is to avoid multiplicity of suits, and because if the contrary rule prevailed, the great multiplicity of suits would of itself become an intolerable evil.

4. The fact that the plaintiff lives near or upon the public highway which is obstructed, does not change the rule. If by proximity to the highway he has occasion to use the same oftener than other citizens, he only suffers damages to a greater degree, but not of a different kind to that sustained by all others who have occasion to travel the road.

5. If one portion of a declaration containing only one count be repugnant to and inconsistent with other portions of the same declaration, such repugnant and inconsistent allegations destroy and neutralize each other, and the declaration is bad on demurrer.

6. A plaintiff owning property abutting upon a public highway which has been obstructed can not recover damages on account of the diminution in value of said property caused by said obstruction, where there is no allegation that said obstruction comes into physical contact with said property, or with said highway where it immediately abuts said property.

Appeal from the Circuit Court for Putnam county.

The facts of the case are stated in the opinion of the court.

*J. R. Parrott* and *T. M. Day, Jr.*, for Appellant.

*Geo. P. Fowler*, for Appellee.

LIDDON, C. J.:

This action was brought by the appellee to recover of the appellant damages for the alleged obstruction of a public road. The amended declaration alleges, in substance, that on June 25th, 1885, the plaintiff was the owner in fee and occupant of certain premises (describing them), upon which he resides and had his home from the aforesaid date to the commencement of the suit (June 19th, 1888,); that said land adjoins and abuts that certain public road and highway known and called Brown's Landing road, leading from the city of Palatka to Brown's Landing, both points being in Putnam county; that said road was the direct and nearest road open to the public use from the residence of the plaintiff to said city; that the defendant, on the date first mentioned, with force and arms and strong hand, without the consent of plaintiff, or right or authority of law, broke and entered said public road and highway, and impeded and obstructed the same from said date to the time of the commencement of said suit, by digging ditches and throwing up embankments along said public road, and laying down wooden ties and iron rails thereon, and by building a railway track thereon, and by using the same for the daily and frequent passage of railway locomotives, cars and trains, whereby said public road became wholly impeded, obstructed, unfit and unsafe for pub-

348 SUPREME COURT.

J., T. & K. W. Ry. Co. v. William Thompson.—Opinion of Court.

lic use. The injury alleged to be done plaintiff by such action of the defendant is that neither he nor his family, agents or servants could travel or pass over and along the said road to the said city of Palatka on foot, horseback or with vehicles; that he had been cut off and deprived of his rights and means of ingress and egress to and from his residence to said city from the time of said obstruction to the beginning of the suit, and compelled to travel and convey his goods, supplies and necessaries for himself and family, and haul his farm products a long distance in order to reach his market at the city of Palatka; and had been put to great expense and loss of time by reason of said impediments and obstructions; that his land and home had thereby become greatly depreciated in value. The plaintiff claimed two thousand dollars damages. The defendant demurred to this amended declaration, which demurrer was overruled by the court.

A number of assignments of error are made, but the conclusion we reach disposes of the case upon a consideration of only one of them, which is the first, and predicated upon the above mentioned ruling. The fourth ground of the demurrer to the amended declaration was that "the gist of plaintiff's action is a public wrong, and not a private wrong; therefore the said plaintiff has no right or ground of action." The seventh ground was "because said declaration does not set forth a good cause of action." These two grounds, substantially the same, and being well taken to the declaration, relieve us from consideration of the other matters set up in the demurrer. Without pausing to consider the indefinite and somewhat contradictory allegations of the declaration, we pass at once to the gist of the matter. The wilful obstruction of the public highway as stated in the declaration was an indict-

able offense, a public wrong and nuisance. McClellan's Digest, sec. 8, p. 428; Palatka & Indian River R. R. Co. vs. State, 23 Fla., 546, 3 South. Rep., 158; Savannah, Florida & Western Ry. Co., vs. State, 23 Fla., 579, 3 South. Rep., 204. While parties guilty of such obstruction might be punished by indictment, and the obstruction abated as a public nuisance by proper proceedings in behalf of the State, yet no individual can maintain a suit for any damage, inconvenience or expense suffered by him by reason of the obstruction in common with the people of the community. In order to maintain such suit he must have suffered some special damage, differing not only in degree, but in kind, from the damages sustained by the community at large. Does the declaration in this case show such special damage? We think not. The declaration alleges that by reason of the obstruction the plaintiff and his family were prevented from traveling and passing over the road obstructed, forced to travel a long distance, and to haul his farm products, family supplies, etc., a long distance in order to reach the city of Palatka. These same inconveniences would apply to all persons living beyond the obstruction from the city of Palatka, and the inability to pass the obstruction would apply to the general public and to all travelers having occasion to use the road. There is no allegation that the obstruction complained of came into immediate physical contact with the property of the plaintiff or that portion of the public road which is abutted by the property of the complainant. The plaintiff is only one of the traveling public put to inconvenience by the obstruction of a public highway. The general principle has been asserted in many cases. There can be no doubt of the correctness of the principle, although in applying it to particular cases, difficulty has often

arisen. The doctrine is thus stated in Houck vs. Wachter, 34 Md., 265: "The obstruction of a highway is a common nuisance, and being a wrong of a public nature, the remedy is by indictment. It is not in itself a ground of civil action by an individual, unless he has suffered from it some special and particular damage, different not merely in degree, but different in kind from that experienced in common with other citizens." Also to the same effect, among many other ancient decisions, is that of Paine vs. Partrich, Carthew's Rep., 191 (of the third year of the reign of William and Mary, over two centuries ago). The reason stated for the rule in this authority, modernizing the language of the ancient volume, is: "Resolved, that the plaintiff can not have this action, because the ground of it is for a common nuisance, for which an action will not lie, unless there is some special damage alleged, or where the party grieved can have no other remedy; but in this case the plaintiff had not declared upon any particular damage, but generally, that he had lost the liberty of the passage, etc., and therefore this action will not lie, and chiefly to avoid multiplicity of actions; for by the same reason that it may be brought by the plaintiff, it may be maintainable by every person passing that way." The modern authorities all give substantially the same reason for the rule, and none of them have improved upon the lucid and distinct exposition of the law by the ancient judge. In Aram vs. Schallenberger, 41 Cal., 449, text page 451, the court denied the right of action because to permit it to be maintained "would cause such a multiplicity of suits as to be itself an intolerable evil." The following authorities also support the general doctrine, and those which state the grounds upon which their conclusions are reached assign the same reason there-

·for: Seeley vs. Bishop, 19 Cónn., 128; Winterbottom vs. Lord Derby, Law Reports, 2 Exch. Cases, 316; Griffin vs. Sanbornton, 44 N. H., 246; Shanbut vs. St. Paul & Sioux City R. R. Co., 21 Minn., 502; Dawson vs. St. Paul Fire & Marine Insurance Co., 15 Minn., 136; Rochette vs. Chicago, Milwaukee & St. Paul Ry. Co., 32 Minn. 201; Gilbert vs. Greeley, S. L. & P. Ry. Co., 13 Colo., 501; 1 Sutherland on Damages, p. 766. The allegation that the plaintiff's property abuts upon the public road which, at some portion of the same, is ·obstructed, does not change the rule. If by proximity to the road he has occasion to use the same oftener than other citizens, he only suffers damages to a greater degree, but not of a different kind, to that sustained by all others who have occasion to travel the road. See the case of Aram vs. Schallenberger, *supra*, and au-- thorities therein cited; and Shaubut vs. St. Paul & Sioux City R. R. Co., *supra*. This court has decided that an individual, in a case somewhat similar to this, ·can not enjoin the construction of a railroad as a public nuisance. Further speaking upon this general subject, it says: "We will not stop to discuss the question, but will simply say that it is the settled law here and elsewhere that an indivinual can not recover damages at law, or have relief in equity, against even an admitted public nuisance unless he makes a case of special and particular injury to himself. He must sustain an injury not common to the public. The gist of the action, the gravamen of the complaint, is the special and particular injury. For the common injury there can be no redress, save by some authorized action in behalf of the people." Garnett vs. Jacksonville, St. Augustine & Halifax River Railway Co., 20 Fla., 889, text 902.

In the declaration the plaintiff alleges that he has been, by the acts of the defendant complained of, cut off and deprived of his rights of ingress and egress to and from his residence aforesaid to the city of Palatka. In the absence of any allegation of any physical contact between the obstruction complained of and the residence property of the plaintiff, or that the obstruction was upon that portion of the public road immediately abutting said property, we do not consider these averments as equivalent to declaring that the plaintiff was denied all ingress and egress to his property. Constructing these averments in connection with other portions of the pleading, they only meant to assert that ingress and egress to the property from the city of Palatka was made more difficult, inconvenient and expensive by reason of the obstruction. Unless we so construe this portion of the declaration, it is fatally repugnant to those portions which allege that he was by reason of the same obstruction "compelled to travel and convey his goods and supplies and necessaries for himself and family, and haul his farm products a long distance in order to reach the city of Palatka." Such repugnancy would make the declaration objectionable upon demurrer. 1 Chitty on pleadings, 255. The inconsistent allegations would destroy and neutralize each other. Gould on Pleadings, p. 144.

For the error in overruling the demurrer of the defendant to the amended declaration, the judgment of the Circuit Court is reversed with directions to sustain the demurrer to the amended declaration, and to permit the plaintiff to amend his declaration if he so desires.