# CHARLESTON.

STATE, *which sues, etc. v.* WILLIAM E. MILLER *et al.*

(Nos. 5657-5658)

Submitted September 20, 1927.   Decided September 27, 1927.

1. SHERIFFS AND CONSTABLES—*In Tenant's Action Against Constable and Surety for Injuries. While Executing Distress Warrant, Charge That Injuries Were Inflicted on Day Subsequent to Execution of Warrant Held Not Inconsistent With Former Charge of Injury While Executing Warrant Where Warrant Was Only Partly Executed (Code, c. 41, §§ 6; 7).*

   In an action by tenants against a constable and the surety, on his official bond, for personal injuries alleged to have been inflicted upon them by such officers, *while executing a distress warrant*, the further charge that the acts complained of were inflicted on a day subsequent to that on which it is averred the writ was executed, is not repugnant to nor inconsistent with the former charge, the return, as alleged, further showing that the writ was executed only partly, by the levy on and the leaving of the goods in the possession of the tenants, and not by a sale of the property also, and an accounting for the proceeds, as the law requires.   (p. 229.)

   (Sheriffs and Constables, 35 Cyc. p. 1976.)

2. SAME—*Distress Warrant Partially Executed is Not Dead, Nor is Officer Functus Officio With Respect Thereto; Acts Done in Further Execution of Partially Executed Distress Warrant Are Properly Charged as Done While Executing Writ.*

The writ in such case, partially executed, is not dead, nor the officer functus officio with respect thereto, and his acts done in connection with and in the further execution thereof are properly charged as done while executing such writ. (p. 231.) '

(Sheriffs and Constables, 35 Cyc. pp. 1905 [Anno], 1979 [Anno].)

3. PROCESS—SHERIFFS AND CONSTABLES—*To "Execute Writ" is to Perform Fully its Mandate; Until Executed, Distress Writ is for All Purposes Alive in Officer's Hands; Until Distress Writ is Executed, What Officer Does Thereunder and in Connection Therewith Must be Regarded as Having Been Done in Execution Thereof.*

To execute a writ is to perform fully its mandate, to do all that the writ commands, and until this is done, the writ is for all purposes still alive in the hands of the officer, and what he does under it and in connection therewith must be regarded as having been done in the execution thereof. (p. 229.)

Execution 23 C. J. p. 280; Sheriffs and Constables, 35 Cyc. p. 1905.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Monongalia County.

Suits by the State, on the relation of J. F. Parrazack and wife, against William E. Miller and another. Judgment of dismissal, and relators bring error. Cases considered together on appeal.

*Reversed and remanded.*

*C. William Cramer* and *S. A. Barker* and *F. E. Parrack,* for plaintiffs in error.

*Donley & Hatfield* and *Robert T. Donley,* for defendants in error.

MILLER, JUDGE:

These suits were brought by the respective relators, husband and wife, against the defendant Miller, as principal,

and his co-defendant Helmick, as surety, on his official bond
as constable of Monongalia County, for damages sustained
by plaintiffs in the execution of a distress warrant sued out
of the office of a justice of the peace of said county by one
George S. Davidson for $300.00 for rent, commanding the said
Miller as such constable that he seize and take into his pos-
session the personal property of said Parrazack situated in
the dwelling house at No. 430 Spruce Street, in the City of
Morgantown, Monongalia County, West Virginia, or so much
thereof as might be necessary to satisfy said claim and costs
of said distress warrant.

The declarations, original and amended, are substantially
the same, in each case. Defendants' demurrers to the origi-
nal declarations were sustained. Plaintiffs were given leave
to amend and did amend both counts thereof, and the court
sustained defendants' demurrers thereto, and the plaintiffs
declining to further amend, the court pronounced the judg-
ments of *nil capiat* thereon, to which the present writs of
error were allowed.

The official bond of the said Miller, declared on, was con-
ditioned as required by law, and it was alleged that when
so sued out the said distress warrants were placed in the
hands of said Miller, constable, by the justice, who executed
the same on March 2, 1925, by levying on the following per-
sonal property (describing it), and the return says, "and
left the same in the custody of the said J. F. Parrazack."

And the declarations in each count further aver that there-
tofore on February 28, 1925, said Davidson had caused no-
tice to be served upon plaintiffs by the said Miller, constable,
to vacate the property so occupied, and owned by said David-
son on or before April 1, 1925; and that on June 5, 1925, pur-
suant to said notice plaintiffs did vacate said property and
removed the personal property belonging to them to a house
situate at No. 1361 University Avenue in said City of Mor-
gantown, belonging to Ira R. Shriver.

And by way of assigning breaches of said bond, it is further
averred that thereafter, to-wit, on the 5th day of June, 1925,
the said defendant "while acting as such constable *and in
the execution of said warrant*" then and there assaulted the

said plaintiffs, and seized and laid hold of them with great force and violence, pulled and dragged and beat and bruised and ill-treated them and forced them to go out of the said house and along the public streets of said city and to the county jail and to be imprisoned for the space of twenty-two hours next following, without any reasonable or probable cause. And other acts of violence towards and upon plaintiffs, not necessary to be here set out, are also averred, all "while acting as such constable *and in the execution of said distress warrant*", resulting in the personal injuries sustained, whereby they were caused to suffer mental and physical pain and anguish, and to pay out and expend large sums of money in and about their cure, and to be hindered and prevented from transacting their necessary affairs and business. Wherefore this suit, etc.

The only material amendment to the original declaration consisted of the words italicized, "*and in the execution of said distress warrant*". Whether all the specifications of wrongs and injuries are actionable we need not say. Certainly some of them, if proven, are sufficient to constitute good causes of action, and breaches of defendant's official bond. The demurrer to the amended declarations were general and not to each count, or to any particular specifications thereof, and we think should have been overruled. If proof is offered on any specification which is not actionable, it can be controlled by the court on the trial.

The principal proposition relied on to justify the judgment is that the allegations, (1) that defendant executed said distress warrant on March 2, 1925, and (2) the further allegation, covered in the amended declarations, that "on the 5th day of June, 1925, defendant while executing the aforesaid distress warrant", did the wrongs and injuries specified, are wholly repugnant and inconsistent, and show on the face of the pleading that at the time of the alleged wrongs and injuries the writ was dead, and the officer *quo ad* those wrongs and injuries was *functus officio*, and that his acts were personal and not official, nor done in the execution of the writ. For the doctrine that this repugnant matter of the declaration should be rejected on demurrer, we are cited to

1 Chitty on Pl. (1 Ed.) 328, 308; Id. 215; *Jacksonville, etc. Ry. Co. v. Thompson,* 34 Fla. 346; 21 R. C. L. 454; 12 Ency. Pl. & Pr. 1; and 21 R. C. L. 1062. This proposition of law is no doubt supported by the authorities cited. But is it applicable to the facts pleaded? While according to the averments of the declarations the defendant executed the writ, it is also alleged how it was executed, namely "by levying on the following personal property in said dwelling house (describing it), and left the same in the custody of the said J. F. Parrazack." This amounted to only partial execution of the writ, for the writ commanded that he not only levy upon the property on the premises, or so much thereof as might be necessary to satisfy said claim and costs, but that the same be sold according to law and the proceeds of the sale be applied to said indebtedness and claim and costs. The making of the levy and leaving the goods in the hands of the tenant did not constitute complete execution of the writ; something remained to be done, and what was subsequently done was done necessarily in the execution of the writ, and if it was in this further execution of the writ that the defendant Miller, constable, unlawfully inflicted the injuries complained of, we think the action is well founded. Now, the officer only, not as at common law the landlord, can make sale of the property of the tenant taken. *Ferguson* v. *Moore,* 2 Wash. (Va.) 54; *Smith* v. *Ambler,* 1 Munf. 596. And the balance of the proceeds of the sale of the distressed property, after payment of the rent with interest and costs, must be turned over to the tenant. *Brooks* v. *Wilcox,* 11 Grat. 411. Moreover, it became the official duty of the defendant Miller, after having fully executed the writ, to make return thereof to the justice by whom it had been issued. Sections 6 and 7, Chapter 41, Code. Appealing to the authorities cited by counsel for defendant, to execute a writ is to perform its mandate, to do all that the writ commands. 3 Words and Phrases, 2506. *Waterman* v. *Merrill,* 33 N. J. L. 378. The supposed inconsistent allegations referred to are not repugnant; there is no conflict therein; they do not neutralize each other, within the meaning of the rules of pleading applied in the authorities cited and relied on by counsel.

So that what the defendant may have done in the further execution of the writ must have been done by virtue of his office, and *colore officii,* and if in connection therewith he committed the assaults or the other wrongful and unlawful acts alleged, he and his bondsman would be liable therefor on his bond.   *State* v. *Mankin,* 68 W. Va. 772, Syl. 2; *Greenberg* v. *People,* 225 Ill. 174; 116 Am. St. Rep. 127.

Of course if the purposes of the writ had been fully executed, or was void and of no further force or effect in the hands of the officer, nothing done by him outside of its mandate was done officially, so as to render him or his bondsman liable therefor.

Our opinion is to reverse the judgment in each case and remand the cases to the circuit court for further proceedings.

*Reversed and remanded.*