MARGARET P. TURNER ET AL. v. NELSON HOLLAND ET AL.

*Navigable waters—Exclusion of riparian rights—Demurrer.*

A bill in equity claimed riparian rights upon a bayou and title to the middle of its channel. These facts being admitted by general demurrer, it was *held* that complainant could maintain his bill for relief against his grantor if the latter asserted title to the bayou, and so obstructed it by filling it with saw-logs as a booming-ground, that the riparian grantee was excluded from it.

Appeal from Saginaw. (Hart J.) June 13–17.—June 25.

INJUNCTION bill. Defendants appeal. Affirmed.

*Camp & Brooks* and *B. M. Thompson* for complainant.

*Wisner & Draper* and *Tarsney & Weadock* for defendants.

CHAMPLIN, J. The bill of complaint in this case states that complainants are owners in fee of certain lots situated upon Hoyt's subdivision of the James Riley reserve, in the county of Saginaw; that this reserve is situated on the east bank of the Saginaw river, having about one mile front on the river, and extends west to the thread of the main channel of said river; that crossing said reserve and extending the whole length thereof and forming part of said river is a bayou called Emerson's bayou, and between that bayou and the main channel of Saginaw river is a middle-ground extend-. ing the whole length of said reserve, and for some considerable distance beyond on the north and forming a part thereof; that this bayou was formerly connected with the main channel of the Saginaw river at the south as well as at the north; that in front of complainants' lands the bayou is navigable for vessels drawing nine feet of water, and prior to the acts of defendants complained of, was used for the purpose of navigation and commerce; that their lands are bounded on the west by Emerson bayou, and in truth and in fact extend to the center line of the channel thereof, and

that complainants are now the owners in severalty thereof; that the riparian rights in said Emerson bayou are very valuable to complainants, and enhance the value of their lots $1000 or more each; that Jesse Hoyt, their grantor, has, since he conveyed to complainants, assumed to own the soil under the water in the Emerson bayou, in front of complainants' lots, and under such assumed claim has transferred to defendants the right to use the bayou in front of complainants' lands for booming and storing saw-logs; that defendants have inclosed and converted the Emerson bayou in front of complainants' land into booming grounds by driving piles in and across the bayou at suitable distances, and connecting them with boom-sticks, thus cutting off all egress and ingress to complainants' lands from the channel of the bayou; that they threaten to continue the maintenance of said booms, and to fill the same with saw-logs to the great injury of complainants, and to exclude them from the use of the bayou and every portion thereof, and from ingress and egress to their lands; that the claim made by Hoyt that he is the owner of Emerson bayou, and has the right to control the use of the same to the exclusion of complainants severally, of their use and enjoyment of their riparian rights therein, constitutes and creates a cloud upon the title of complainants severally, in the several parcels of land owned by them, and diminishes the market value of each of said parcels of land in the sum of $1000 and over; that each of complainants is now and has been in the actual possession of the lot or parcel of land owned by him or her, and each, except Judd, Doty and Wood, has made valuable improvements thereon of the value of $10,000 or more, in the erection of dwelling-houses and out-buildings.

To this bill the defendants interposed a general demurrer for want of equity, which on hearing in the court below was overruled, with leave to plead or answer; from which decree the defendants have appealed to this Court.

We think the facts stated in the bill of complaint make a case of equitable relief. The bill claims that complainants have riparian rights in the navigable waters of Emerson's

bayou, and that their title as such riparian owners extends to the center line of the channel of the bayou. The effect of the demurrer is to admit the truth of all facts which are well pleaded.

The decree of the circuit court overruling the demurrer is affirmed, and the cause remitted to the court below for further proceedings. The defendants may answer upon payment of the costs imposed by the court below within twenty days after notice that the record has been returned to that court, and in default thereof their default may be entered, and complainants may proceed to decree according to the rules and practice of the court. The complainants will recover the costs of this Court.

The other Justices concurred.