CHAS. M. GIFFORD ET AL. v. WILLIAM McARTHUR ET AL.

*Logging—Obstruction of navigable stream.*

1. The owners of a tug sued certain log-drivers for obstructing the stream. It appeared that other log-drivers below were using the stream also. *Held* no error to charge that defendants were not liable for the detention caused by the latter, unless they protected them.

2. Persons who have helped to put logs into a stream are not thereby estopped from suing for the obstruction caused by their unnecessary detention therein.

3. An action lies at the suit of any one injured thereby for needlessly obstructing the use of a navigable stream by keeping logs therein longer than is necessary for floating them.

4. Usage cannot give loggers the right to block a navigable stream by putting a boom across it so that vessels cannot pass through.

5. How. Stat. § 8964, in giving costs to one who recovers judgment, however small, for a private nuisance; applies to the case of obstructing a navigable stream.

Error to Cheboygan. (Ramsdell, J.)   Oct. 15.—Jan. 14.

CASE. Defendants bring error.   Affirmed.

*Bell & Adams* for appellants, cited as to the obligation to so use navigable streams as not to interfere with the rights of others: *Hall v. Tittabawassee Boom Co.* 51 Mich. 377; Angel on Water-courses § 541; Cooley on Torts 583–4; *Drew v. "Chesapeake"* 2 Doug. (Mich.) 33; *White River Log & Booming Co. v. Nelson* 45 Mich. 578.; *Brig Erie v. Canfield* 27 Mich. 480; *Lorman v. Benson* 8 Mich. 32; *Thunder Bay Booming Co. v. Speechly* 31 Mich. 336; *Davis v. Winslow* 51 Me. 295; *Clark v. Foot* 8 Johns. 421; *Panton v. Holland* 17 Johns. 92; *Moore v. Sanborne* 2 Mich. 520; *Dumont v.*

*Kellogg* 29 Mich. 420; *McGraw v. Sturgeon* 29 Mich. 426; *Merick v. McNally* 26 Mich. 374; *Clark v. Cox* 32 Mich. 204; *Bancroft v. Peters* 4 Mich. 619.

*Humphrey & Perkins* for appellees.   He who needlessly blocks a navigable stream, which is a public highway, so as to prevent its use by others is liable for the damage done, and a right to so block up a stream cannot be acquired by custom: *Harrington v. Edwards* 17 Wis. 586; *Enos v. Hamilton* 24 Wis. 658; *Powers v. Irish* 23 Mich. 429; *Beach v. Schoff* 28 Penn. St. 195; Gould on Waters §§ 96, 97; 1 Add. on Torts §§ 235, 279.

SHERWOOD, J.   The plaintiffs were partners and owners of a certain steam-tug, and with it were engaged, during the season of 1883, in towing logs and timbers and doing other tug work on Burt lake, Indian river and Mullett lake, which are navigable waters, the lakes being connected by the river, which is about six miles long.   On the 4th day of May of that year the defendants Nelson, Smith and Bailey had each a drive of logs in the river in the orders named, commencing at Burt lake, and each party had a boom stretched across the river at the end of his drive, and the defendants had one also in front of their drive and just above the mouth of the Sturgeon river, kept there to enable Nelson to run his logs out of the Sturgeon river into Indian river.   On the 4th day of May, 1883, the plaintiffs desired to take the tug through to Mullet lake, where they had work engaged for her, and requested the defendants to open their boom and allow the boat to pass down to the lake.   This defendants refused to do, and threatened the plaintiffs if they attempted to remove the boom, and prevented them from going further down the river. The plaintiffs claim that in consequence of such refusal and the obstruction to navigation caused by the defendants, they were deprived of the use of their boat five and one-half days, to their great damage, for the recovery of which this action on the case was brought.

To the plaintiffs' declaration the defendants pleaded the general issue.   A trial was had at the Cheboygan circuit, by jury, before Judge Ramsdell, and a recovery of sixty dollars

was obtained for the plaintiffs. All the testimony is returned in the bill of exceptions. Two of the exceptions taken were to the rulings of the court on the admissibility of the testimony. I do not think these rulings are open to the criticism made by defendants' counsel, and the court committed no error in overruling them.

The circuit judge gave the jury the following instructions, among others:

"That the Indian river in Cheboygan county is a public highway, in which all persons have equal rights to pass and repass, and to navigate the same with boats, vessels and saw-logs and other floatable property; that the plaintiffs could not dictate to the defendants, nor fix the time when they might enter that stream with their drive of saw-logs; that the rights of defendants in the river and to use it as a public highway are equal to those of plaintiffs. The rights of all persons therein are equal for all reasonable purposes, and vessels have no greater rights than saw-logs. Each person has the right to the legitimate use of the stream, using reasonable care, and though he unavoidably impede or obstruct another temporarily, no action can be maintained. If defendants' logs were detained in the stream by reason of Nelson's, Thompson Smith's and Bailey's logs being in the stream ahead of them, blocking up the river, and defendants moved their logs as soon as they reasonably could after the obstruction of the other logs was removed, no action can be maintained, and the verdict of the jury should be for the defendants. No man can 'be punished in damages for an enjoyment of his undoubted rights, when he acts reasonably and with prudence. Injury alone will not support an action on the case. The injury must be coupled with a wrong, and if the act be not unlawful in itself, then, unless done in a manner, at a time, or under circumstances which render it wrongful, there can be no liability for any injury that may result. In this case, in case the jury should find for the plaintiffs, the verdict should only be for the plaintiffs' actual damages by the detention, as appears from the evidence in the case."

In addition to the above, the court charged the jury that "the defendants had no greater right to cut the booms holding the logs of Nelson and Bailey than the plaintiffs had, and unless the defendants by some force or means prevented

them doing so, the defendants are not liable for the detention caused by Nelson's and Bailey's logs and booms; that is, if you should find from the evidence that the detention was caused by Nelson's and Bailey's logs, and not by defendants." The exception to this last charge was not well taken. It was very proper under the testimony contained in the record. It was certainly as favorable to defendants as the circumstances would permit. There was testimony in the case tending to show that had the defendants' boom been opened and the tug allowed to pass down the river among the logs, it would have made its way through in a few hours, and there is no testimony showing that if defendants had allowed the tug to pass their boom, those below would not have been opened for it.

Defendants further asked the court to charge that "if the jury find from the evidence that the plaintiffs aided the defendants, by the use of their tug and men, in filling the stream with logs and creating the obstruction complained of, the plaintiffs have no right of action, and the verdict of the jury should be for the defendants." This was refused, and the court stated that "the evidence is, the plaintiffs were employed by the defendants, and while so employed put the logs in the river by the order and direction of the defendants. The putting in was lawful." To the refusal, and to this statement made by the court, exception was taken. There was no error committed in this ruling. The only wrong attributed to the plaintiffs, and which it is alleged contributed to the injury complained of, was their assistance rendered in placing the logs in the stream. The wrong, if any, was not in the defendants placing the logs in the river. This they had the right to do, and employ whomsoever they pleased to assist them in doing it; and those who assisted committed no unlawful act. The wrong complained of is the placing of the boom across the river and holding the logs in such manner as to completely obstruct and prevent the passage of the plaintiffs' tug for an unreasonable length of time, to their injury. This the defendants could not do without incurring liability to the plaintiffs. These remarks apply with equal

force to the defendants' ninth request, which was also properly refused by the court.

The court gave the jury the following charges, as requested by plaintiffs' counsel:

"*First.* If you find from the evidence in the case that Indian river is a navigable stream where the plaintiffs' tug was, and that the defendants, or any of their employees who had charge of and were running logs for them, needlessly obstructed the navigation of the river so as to prevent the plaintiffs from passing along the river with their tug for the purpose of navigating said river in prosecuting their business as tug-men, then the plaintiffs are entitled to recover.

*Second.* If you find from the evidence in the case that Indian river is a navigable stream, and that the defendants' employees maintained a boom across said river, which boom obstructed the navigation of the river, and thereby prevented the plaintiffs from navigating the said river with their tug, the plaintiffs are entitled to recover the damages they have sustained thereby.

*Third.* Lumbermen or persons running logs cannot by custom acquire the right to obstruct a navigable stream by maintaining a boom across the river so as to prevent the passage of vessels along said river, and if they do so they are liable for the proximate damages occasioned thereby."

It is conceded by counsel that Indian river is a navigable stream. The first two requests, *taken together,* do no more than submit to the jury the wrongful acts of the defendants in the use they made of the river, and I do not think they are exceptionable. The charge contained in the third request was correct. I know of no law authorizing or tolerating a custom which would allow the defendants wrongfully or negligently to completely obstruct a public highway or a navigable river to the injury of any person entitled to the free use thereof. The great inconvenience to the public which would necessarily result from the application of such a doctrine is the best refutation that can be made to its legal existence, and it is unnecessary to consider it further.

The remaining question in the case claiming attention is the right of the plaintiffs to recover their costs, which was

permitted at the circuit, the judgment being for less than $100. We think the ruling of the circuit judge was right, and full costs were properly allowed to the plaintiffs. The case falls within the first clause of How. Stat. § 8964. The obstruction of the river complained of in the plaintiffs' declaration was clearly a private nuisance as well as a public one, and in such case the statute referred to may be properly applied. The record shows a fair trial and no error, and

The judgment should be affirmed.

The other Justices concurred.