# HEALY & Another v. JOLIET & CHICAGO RAILROAD COMPANY & Another.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

Argued December 16, 17, 1885.—Decided January 4, 1886

The bridge built by the Joliet and Chicago Railroad Company and maintained by the Chicago and Alton Railroad Company over Healy Slough, does not cross it at a point where it is a navigable highway for the public.

The facts which make the case are stated in the opinion of the court.

*Mr. Samuel F. Rice* for plaintiffs in error submitted on his brief.

*Mr. George W. Smith* for defendants in error.

MR. JUSTICE MILLER delivered the opinion of the court.

This is a writ of error to the Supreme Court of Illinois.

The plaintiffs in error, who were plaintiffs below, brought suit in the Circuit Court of Cook County of that State, praying for an abatement, or other appropriate relief, against a railroad bridge across Healy Slough, built by the Joliet and Chicago Railroad Company in 1856, and now kept up and maintained by the Chicago and Alton Railroad Company. This bridge is alleged to be an obstruction to the navigation of the slough, and therefore a nuisance, in regard to which plaintiffs suffer special damage, as owners of certain real estate situated above the bridge, which obstructs the access of vessels coming from Lake Michigan or from the Chicago River through that river and through the slough to plaintiffs' lots.

It is alleged that this slough, at the point where the bridge was built, was a navigable water of the United States, in the navigation of which plaintiffs had especial interest, and that it was navigable from the Chicago River up to and beyond the lots of plaintiffs, and that this navigability was seriously impaired by the bridge of defendants.

The answer denied that the slough was a navigable stream,

and asserted authority under the charter of the Joliet and Chicago Railroad Company to build the bridge as had been done. Much testimony was taken as to the nature and character of the slough in reference to its navigability, and, on hearing, the Circuit Court of Cook County dismissed the bill. An appeal was taken to the appellate court of the First Judicial District of the State, which reversed the judgment of the Circuit Court and granted relief against the bridge as a nuisance.

On further appeal to the Supreme Court of the State, the judgment of the appellate court was reversed, and the order of the Circuit Court dismissing the bill was affirmed.

It appears from the opinions delivered in the appellate court and in the Supreme Court, both of which are found in the record, that there was no difference between them on any question of law, but that they differed on the question whether the slough was in fact a public navigable water at the time the bridge was built over it. The Court of Appeals says: "Whether the Healy Slough is navigable in such sense as to constitute it a common highway must depend upon its capabilities, in its natural state and ordinary volume of water, of being utilized for purposes of commerce or transportation. This presents a mere question of fact to be determined by the evidence in the record." On this evidence that court held that in its natural state the slough was a navigable highway for the public.

The Supreme Court says in its opinion: "The question raised may be treated simply as a question of fact, viz.: Is the body of water spanned by the railroad bridge navigable in the sense of that term as used in the law? We think it is not."

On this question of disputed fact, so far as we have any right to inquire into it under this writ of error, we concur in the opinion held by the Supreme Court, and by the Circuit Court, and do not deem it necessary to set out in this opinion a comparison or examination of the evidence, which is voluminous, as it can serve no good purpose.

The decree of the Supreme Court of Illinois is

*Affirmed.*