## BOARD OF WATER COMMISSIONERS OF DETROIT v. CITY OF DETROIT.

1. NUISANCE—SUNKEN VESSELS—NEGLIGENCE.

    The rule that the owner of a vessel which sinks by accident, without negligence, in a river, is not bound to remove the same as a nuisance, does not apply to a vessel which, after being damaged by fire, was still afloat, and might easily have been removed, but was negligently allowed to become water-logged and sink.

2. SAME—ABATEMENT—PUBLIC BOARD.

    A city water board authorized to sue and be sued, which has charge and control of a park, sustains sufficient private injury from a public nuisance, consisting of a wreck in a river in front of the park, to entitle it to maintain a bill to abate the same.

3. SAME—DEFENSES—MUNICIPAL CORPORATIONS.

    Where a city, through its board of health, executes a contract for the lease of a vessel, with the privilege of buying, and takes and retains possession of the same for two years, and thereafter, pending a controversy with the lessor, negligently allows it to become water-logged and sink, so as to constitute a nuisance, it cannot relieve itself of the duty to abate, as to

third persons, by repudiating the contract by which posses-
sion was acquired.

Cross-appeals from Wayne; Lillibridge, J. °Submitted
February 5, 1898.   Decided July 12, 1898.

Bill by the board of water commissioners of the city of
Detroit against the city of Detroit, the board of health of
said city, and U. Grant Grummond, to abate a nuisance.
From a decree against the defendant city alone, complain-
ant and the said defendant appeal.   Affirmed.

*George Gartner*, for complainant.

*Charles Flowers* and *Arthur Webster* (*C. D. Joslyn*,
of counsel), for defendant city of Detroit.

*F. H. & G. L. Canfield*, for defendant Grummond.

MONTGOMERY, J.   This is a proceeding by bill in chan-
cery to compel the abatement of a nuisance.   The alleged
nuisance consists of the steamer Milton D. Ward, which
lies aground in Detroit river, near what is known as the
Water Works Park.   The complainant is a corporation
authorized to sue and be sued, and has been by statute au-
thorized to accept as a gift a sum of money devised to the
board to be used for the purpose of .beautifying and orna-
menting the grounds.   The grounds devoted to a park
have a frontage on Detroit river of about 1,000 feet, and
are kept open to the public as a park known as the Water
Works Park.   The land is also used for the general
purposes of the corporation.   In the summer of 1892 an
epidemic of cholera was threatened.   The board of health
of Detroit assumed to make a contract with defendant
Grummond, the owner of the Milton D. Ward, to lease
of him the steamer, with the privilege of buying.   This
contract was not definitely authorized by the common
council, but the board of health actually took possession of
the boat, and admittedly retained it in possession for
nearly two years, when it caught fire through the neglect

of its servants, and the upper works were burned away. The board of health offered to return the boat to defendant Grummond, but, as his contract contained a condition that it should be returned to him in like condition as when taken, he declined to receive it in its damaged state. The boat was at this time moored at the waterworks dock. The board of health, and the water board as well, notified the defendant Grummond to remove it, but he declined to receive it, and brought an action against the city for its value, which is still pending. The boat remained moored at the dock for a year after the damage from fire, when a member of the water board secured a moorage for her at some distance away, and in front of Field & Kean's, where she remained for another year. On August 4, 1896, she was towed back to her present position, partly in front of Water Works Park and partly in front of adjoining property, where, after a time, she filled with water, and sank in six or eight feet of water. The evidence is not satisfactory as to the authority by which she was taken from Field & Kean's to her present position; but if it be assumed that she was returned by the same authority which moved her away from in front of the Water Works Park in the first instance, we think the responsibility for her presence there was not thereby shifted from the board of health to the water board of the city.

The questions which are raised are:

(1) Whether this wreck is a nuisance.

(2) If a nuisance, is it a private nuisance, such as the complainant has the right to have abated at its private suit?

(3) Is the defendant Grummond or the city, either or which, responsible for the nuisance?

1. It is contended on behalf of defendants that the wreck is not a nuisance, and authority is cited which sustains the proposition that if a ship or other vessel sink by accident, and without neglect or fault, in a river, and is abandoned by the owner, such owner is not bound to remove it as a nuisance. *Winpenny* v. *City of Philadel-*

*phia*, 65 Pa. St. 135, sustains this view. The reason for the rule is there stated as follows:

"When a vessel is lost by the act of God or by accident, the owner suffers oftentimes great damage; and, when she is a total loss, it seems a great hardship to add to his misfortune the duty of removing the wreck. It would discourage commerce to hold him to so severe a duty; for who would engage in trade if, when he has lost his vessel, he might be forced to incur an expense of more than her original cost in removing the wreck from some difficult position? If compelled by the accident to abandon his property, the duty of removal should rather fall on the public, who are interested in the navigation, than on him."

This case does not show the existence of these reasons for exemption. This sunken wreck is not the result of an accident. After all the injury which can be claimed to have resulted from accident had occurred, the boat was still afloat, and might easily have been removed. She subsequently sank because water-logged, and because she was abandoned. She was not abandoned because she had sunk.

2. Is this complainant entitled to maintain this bill to abate this nuisance? It is well settled that a public nuisance does not furnish grounds for an action by an individual. The complainant in this case, while charged with public functions, does not represent the public generally in the matter of the protection of the highway or river adjacent to the city. This is not claimed on its behalf, but it is contended that it has the same rights that an individual has; and this proposition, we think, is sound, in so far that, for any infringement of its property rights, the complainant would have the same right to seek redress as an individual. The question recurs, Would an individual have the right to maintain this bill to compel the abatement of this nuisance? It is true, a public nuisance may at the same time be a private nuisance, and an individual who suffers peculiar damages—that is, damages peculiar to himself—may have his action; but, before such action can be maintained, it must be shown that the damage

which the complainant suffers differs not only in degree, but in kind, from that which must be deemed common to all. This case shows not only a nuisance by obstruction to navigation, but an incumbrance of complainant's property, as for many purposes the ownership of complainant extends to and includes the place where this wreck is. *Lorman* v. *Benson*, 8 Mich. 18 (77 Am. Dec. 435.); *Hall* v. *Alford*, 114 Mich. 165, and cases cited. That one who owns the fee of a highway obstructed by a nuisance may maintain an action appears to be settled. 2 Wood, Nuis. (3d Ed.) § 697, and cases cited.

3. The question remains as to which of the defendants, if either, is responsible for this nuisance. As before stated, we think the removal of the vessel for a time, and its subsequent return, do not affect the responsibility. We do not think the question of the validity of the contract between the city and defendant Grummond involved, in so much as the bill alleges such a contract to have been made, and the answer of the defendant Grummond admits it. The important fact is that the city, through its board of health, took actual possession of the boat, and retained possession for two years. Responsibility for a negligent or wrongful disposition of the property cannot be avoided by repudiating the contract by which possession was acquired. Has the city relieved itself of responsibility by offering to return the boat to defendant Grummond? We think not. There can be no claim that Grummond assumed actual possession of the property, and until he did, or until he was willing to receive it into his possession, the responsibility to third persons was the responsibility of the city. The circuit judge was of this opinion, and granted relief against the city alone. We affirm this decree.

The other Justices concurred