JOHN B. SMART *vs.* AROOSTOOK LUMBER COMPANY.

Aroostook.    Opinion August 10, 1907.

103    37
106    131
f106    422

*Waters and Water Courses.    Navigable Streams.    Obstructions.    Riparian*
*Proprietors.    Damages.    R. S., chapter 22, section 13.*

Capability of use for transportation is the criterion as to whether or not a stream is navigable and is a question of fact.

A navigable stream is subject to public use as a highway for the purpose of commerce and travel.

All streams of sufficient capacity in their natural condition to float boats, rafts or logs, are deemed public highways and as such are subject to the use of the public.

Public highways afford an equal right to each citizen to their reasonable use, and any unreasonable obstruction that prevents or hinders such use, creates a nuisance in law.

The circumstances of each case are to be considered in determining the use which individuals may make of public highways, and the same rule prevails in limiting the extent of the right over waters as over land.

Temporary obstructions are unavoidable and are incident to the legitimate purposes of travel and transportation, and if continued within reasonable limits they do not create a nuisance. But if the encroachment upon the public highway is unreasonable in extent or duration, it is unjustifiable.

A mill company has no right to obstruct unreasonably, with logs and lumber, a navigable stream when there are riparian owners who have occasion to use such stream for floating boats and transporting goods to their cottages on such streams.

The existing conditions which create the purposes of the public use of navigable streams are subject to change, and the driving and temporary storing of logs although now of principal importance may become secondary, in importance to the travel of summer residents and the large transportation of merchandise for their accommodation. In this State, recreation is assuming features and incidents as valuable to the public as trade and manufacturing.

When a plaintiff is an owner of land on a navigable stream and has a summer residence thereon, and no highway other than such stream affords him access thereto, and such stream has been unreasonably obstructed with logs and lumber by a defendant mill company, such obstruction not only obstructs the right of such plaintiff in common with others to pass up

and down such stream, but also cuts off his right of access to his private property which is a private right appurtenant to his land, and such plaintiff in a legal sense has suffered special damages and is entitled to recover therefor.

In the case at bar, *Held:* That the Presque Isle Stream above the bridge at Presque Isle Village, for a distance of thirty miles, is a navigable stream in fact, and possesses the character which brings it within the class of streams which, though in point of property are private, are subject to the easement of public highways which individuals have no right unreasonably to obstruct. Also *held* that the defendant company has unreasonably obstructed said stream with logs and lumber and that the plaintiff, a riparian owner on said stream, suffered special damages by reason of such obstruction.

On report.    Judgment for plaintiff.

Action on the case brought by the plaintiff against the defendant company to recover damages for obstructing, with logs and lumber, the Presque Isle Stream, which was alleged to be a navigable stream flowing through the towns of Mapleton and Presque Isle in the County of Aroostook, and thereby preventing the plaintiff from passing up and down said stream with a boat or canoe between Presque Isle Village and a summer residence or camp on a lot of land owned by him on the bank of said stream in said Mapleton.    The defendant company maintains a dam across said stream in said village, below the plaintiff's said lot and in connection with said dam owns and operates a large saw-mill for the purpose of manufacturing logs driven by it down said stream.    The dead water or pond created by said dam, ponds back from said dam a distance of about five miles up said stream, said distance being about one mile above and beyond the plaintiff's said lot.

Writ dated July 24, 1905.    Plea, the general issue.    Tried at the December term, 1905 of the Supreme Judicial Court, Aroostook County.    After all the evidence had been taken out, the case was withdrawn from the jury and reported to the Law Court "for decision upon the declaration, plea and so much of the evidence as is legally admissible" and with the further stipulations that "the Law Court is to determine the rights of the parties and render such judgment as the law and evidence require" and "if the judgment is for plaintiff, damages are to be assessed at twenty-five dollars."

The declaration in the plaintiff's writ contains two counts which are as follows: "In a plea of the case; for that at said Presque Isle, on the first day of April, 1903, and for a long time prior thereto, and ever since, a certain navigable stream of water called the Presque Isle Stream flowed and still flows through the towns of Mapleton and Presque Isle and the village of Presque Isle in said County of Aroostook, and that from time immemorial has been and still is a public navigable stream, and that all the citizens and inhabitants of this State always of right have had, and of right now have and ought at all times to have, free use of the sailing and navigation of said stream and liberty at all times of the year to go, return, pass and repass, sail and navigate up and down said stream without any let, obstruction or hinderance whatsoever; and that until the obstruction of said stream by said defendant, as hereinafter set forth, said stream had flowed down, along, and through its regular channel and from said Mapleton through said Presque Isle and Presque Isle Village, and up to the time of its obstruction, by said defendant, as hereinafter set forth had for a time whereof the memory of man is not to the contrary, always been commonly used by the public, as a public highway, at all times of the year, for the passage of boats, canoes, punts, batteaux, and other fresh water craft, for the purpose of business, convenience, and of their own free will and pleasure, and that, on said first day of April and ever since, said stream flowed and still flows under a certain public bridge and highway in said village of Presque Isle called the Bridge Street Bridge, and which said bridge has always been and still is a part of the public highway in said village.

"And the plaintiff further avers, that on said first day of April and for a long time prior thereto and ever since, he was and still is seized, possessed, and the owner of a certain piece or parcel of real estate, situate on the bank of said stream where it flows through said town of Mapleton, with a house and residence of said plaintiff thereon erected and built by said plaintiff a long time prior to said first day of April for the purpose of a residence and used by him as a place of rest and recreation and temporary home for himself and wife from time to time.

"And the plaintiff further avers that on said first day of April and for a long time prior thereto, and ever since his business and occupation has been and is that of a photographer, and his place of business during all said time has been said Presque Isle Village and during said period he has had and still has his permanent residence in said Presque Isle Village.

"And the plaintiff further avers that prior to said first day. of April, he has·used said stream as a public highway in going to and returning from his residence on the banks of said stream and river in said Mapleton, and in going to and returning from his said residence in said village of Presque Isle, and that on said first day of April and ever since said stream was and is the only way, passage and highway that said plaintiff had or has to use between plaintiff's said residence and to convey, carry, bring and transport his goods between said residences, together with himself and wife in passing to and returning from the same.

"And the plaintiff further avers that on said first day of April and ever since he was and still is entitled to pass and repass, go and return, travel said journey and navigate at all times of the year with boat, canoe, punt, batteau, or any other fresh water craft, on along and over the waters of said stream and in the channel thereof, both up and down said stream at any and all times, without let, hinderance, interference, detention, impediment or obstruction, both from said bridge and public highway to his aforesaid temporary residence in said Mapleton and from his said temporary residence to his said place of business and residence in said Presque Isle Village and said bridge and public highway as aforesaid, of his own free will and pleasure, and that said plaintiff during all said period had and has no other way, road or means of going to and returning from his said residence in said Mapleton without unlawfully crossing and passing over land not his own. Yet the said defendant corporation, not ignorant of the premises, but well knowing the same, and without right, and in utter disregard of the rights of him the said plaintiff, on the first day of April, 1903, by its servants and agents did put, place and deposit in said stream of water and in the channel thereof, to wit, in all that part and portion of said stream

of water and in the channel thereof lying and being between the aforesaid public bridge and the aforesaid piece or parcel of land, said part and portion being four miles or more in length, large quantities and numbers of logs and lumber, totally, wholly and completely filling all of said part and portion of said stream of water and the said channel thereof and for said entire distance of four miles or more with logs and lumber, so that passage, either up or down said part or portion of said stream of water and the channel thereof, with boats, canoes, punts, batteaux, or fresh water craft of any kind, was utterly impossible and wholly impeded, hindered and obstructed, and hath ever since said first day of April, kept and maintained said logs and lumber in all of said part and portion of said stream of water and channel thereof, and by means of said logs and lumber hath ever since said first day of April, obstructed, hindered and impeded and kept obstructed, hindered and impeded all of said part and portion of said stream of water and the channel thereof and wholly, entirely and completely prevented the passage of boats, canoes, punts, batteaux, and all other fresh water crafts, up, down and along said part and portion of said stream of water and the channel thereof, and still continue to keep said part and portion of said stream of water and the channel thereof, wholly, entirely and completely filled with logs and lumber and obstructed and impeded as aforesaid so that no passage up, down and along said part and portion of said stream of water and the channel thereof, can be had with boats, canoes, punts, batteaux, or fresh water crafts of any kind ; — Whereby the said plaintiff ever since said first day of April hath been wholly prevented and hindered from passing, going, sailing and journeying with boat, canoe, punt, batteau or fresh water craft of any kind, up, down along and over said part and portion of said stream of water and the channel thereof lying and being as aforesaid between said public bridge and his aforesaid piece or parcel of land and residence thereon, and ever since said first day of April hath been wholly deprived of his right to use said part and portion of said stream of water and the channel thereof for the purpose of going and journeying with boat, canoe, punt, batteau or other fresh water craft, between said public bridge and

his aforesaid piece or parcel of land and residence thereon, and is still wholly prevented and hindered from passing, going, sailing and journeying with boat, canoe, punt, batteau or fresh water craft of any kind, up, down, along and over said part and portion of said stream of water and the channel thereof, and is still wholly deprived of his right to use said part and portion of said stream of water and the channel thereof for the purpose aforesaid, and ever since said first day of April, whenever he has visited and gone to and returned from his aforesaid piece or parcel of land and residence thereon, both alone and in company with his wife, he hath been put to great trouble and inconvenience and obliged to travel a long distance with team, to wit, a distance of four miles, and to travel a long distance on foot, to wit, a distance of one mile, and obliged to procure and obtain permission to pass over and across land not his own and put to great cost and expense to hire a team both to take and transport himself and his wife and necessary goods and chattels over and along the distance to be travelled with team as aforesaid, to wit, a cost and expense of two dollars for each and every such trip, and the value of his aforesaid piece or parcel of land and residence thereon hath been greatly lessened and reduced, and is still put to great trouble and inconvenience and to great cost and expense to hire a team for the purpose aforesaid whenever he either alone or in company with his said wife visits, goes to and returns from his aforesaid piece or parcel of land and residence thereon, and in many other ways hath been greatly damaged and put to great loss, cost and expense.

"Also, for that a certain ancient navigable stream of water called the Presque Isle Stream, flows in and through a certain channel or course, through the easterly part of the town of Mapleton, in said county, thence by said channel or course into and through said town of Presque Isle and through the village of said Presque Isle, thence into the Aroostook River, and has so flowed in and through said channel or course from the time whereof the memory of man is not to the contrary; that said stream flowing in and through said channel or course as aforesaid, flows under and connects with a certain public road or highway in said village, commonly called

Bridge Street; that said navigable stream of water and the channel
in which it flows, from the time whereof the memory of man is not
to the contrary hath always been commonly used by the inhabitants
of the State of Maine, and others, for the passage of logs, lumber,
boats, canoes, punts, batteaux and other fresh water craft, and com-
monly used for the purposes aforesaid as and for a public highway;
that the said plaintiff is seized and possessed of a certain piece or
parcel of land, situate in said Mapleton, on and along the south
bank of the said channel of said stream, and joining said stream,
and connecting with said stream and said channel thereof, and hath
been so seized and possessed for a long time hitherto; that said
piece or parcel of land is not connected with or reached by any
public road, street or highway, other than said stream and channel;
that he the said plaintiff has a lawful right to go, pass, travel and
journey, at all times, with his boats, canoes, punts, batteaux, or
any other water craft, up, down, along and over said stream in the
channel thereof, and the waters of said stream in the channel there-
of, and especially on, along, over, up and down all that part and
portion of said stream and of the water of said stream in the channel
thereof between said public road or highway in said village and his
aforesaid piece or parcel of land, the same being a long distance,
to wit, a distance of four miles; Yet the said defendant corpora-
tion, not ignorant of the premises, but well knowing the same,
without right, and without any regard for the rights of him the
said plaintiff, did, by its servants and agents, on the first day of
April, 1903, put, place and deposit in all of said part and portion
of said stream and of the water of said stream in said part and
portion and in said channel of said part and portion of said stream,
large quantities of logs and lumber and thereby completely filled,
stopped up and choked all that said part and portion of said stream
and all that said part and portion of the water of said stream and
all of said part of said channel of said stream, and thereby wholly
and completely hindering and preventing the passage of boats,
canoes, punts, batteaux and all other fresh water craft, up, down
and along and over said part and portion of said stream and of the
channel of said part and portion of said stream and hath ever since

said first day of April, kept said part and portion of said stream, and said channel of said part and portion of said stream wholly and completely filled with logs and lumber and choked with logs and lumber, so that no passage up, down, along and over said part and portion of said stream and of the said channel thereof, with boats, canoes, punts, batteaux or other fresh water craft, could or now can be had, and still continues to keep said part and portion of said stream and said channel of said part and portion of said stream wholly and completely filled and choked with logs and lumber; whereby he the said plaintiff, from and ever since said first day of April, hath been wholly prevented from passing up and down said part and portion of said stream and the channel of said part and portion of said stream, with his boats, canoes, punts, batteaux or other fresh water craft, but in order to reach his aforesaid piece or parcel of land and return therefrom, he hath been obliged to make long and devious journeys by team and on foot, and to hire teams at great cost and expense for the purpose of making said journeys, and hath been put to great trouble and inconvenience, and obliged to procure and obtain permission to pass over and across land not his own in order to reach and return from his aforesaid piece or parcel of land, and is still obliged to make long and devious journeys by team and on foot, in order to reach his aforesaid piece or parcel of land and to return therefrom, and to hire teams at great cost and expense for the purpose of making such journeys, and the value of his said piece or parcel of land hath been greatly lessened and reduced, and that he is still hindered and prevented from passing up, down and along said part and portion of said stream and said channel of said part and portion of said stream, and in many other ways he has been greatly damaged and injured by the aforesaid unlawful acts of said defendant corporation."

The defendant company, at the Law Court, among other things, contended "that the court, without violence to the settled principles of law regarding the navigation of private floatable streams, may hold that this plaintiff has not a paramount right of passage with his canoe through defendant's mill pond; that the filling of the stream with logs to be manufactured, when it appears that a passage

through is inconsistent with profitable manufacturing, may not give him a right of action. Neither by statute law nor by ancient common law could the plaintiff claim any right to navigate with his pleasure craft in Presque Isle Stream."

The case sufficiently appears in the opinion.

*Ira G. Hersey and Geo. H. Smith,* for plaintiff.

*Charles F. Daggett and Louis C. Stearns,* for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

PEABODY, J. This is an action on the case brought by the plaintiff against the defendant to recover damages for obstructing with logs and lumber, on and prior to the first day of April, 1903, the Presque Isle Stream, a navigable stream flowing through the towns of Mapleton and Presque Isle in the County of Aroostook.

The stream has its source in small lakes and numerous tributaries in a lumber region comprising three townships, and its length to the junction with the Aroostook River, a mile below Presque Isle, is about forty miles.

For many years, logs in large quantities have been floated down the main stream and its tributaries and small boats and canoes have been used in connection with the lumbering operations and by sportsmen.

Recently, the plaintiff and other persons have erected summer camps and cottages on the banks of the stream four or five miles above the village of Presque Isle. He has, with his family, regularly occupied his cottage in the summer months for recreation and health.

In 1864, one of the defendant company's predecessors in title built a dam across the stream and erected a saw-mill near the public bridge at Presque Isle Village, and for several years last past the defendant company has carried on a large lumbering business under exclusive permits of the various owners of land at the head waters of the stream, and in the spring has driven the logs to its mill in quantities of five or six millions yearly. The logs have filled the pond

formed by the dam and the still water four or five miles up the stream and have usually been held by a boom at the head of the drive.

The original channel was quite crooked but well defined for thirty miles, and was of sufficient width and depth to float logs and small boats at all times of the year, except in seasons of unusual drouth. From the dam to what is called Sheep Tail Rips above the plaintiff's cottage, a distance of five miles, the average width of the stream from bank to bank is one hundred and fifty-six feet and the average depth between three and four feet.

The logs stored by the defendant in the pond and dead water above are manufactured at the mill, and in the months September and October the stream is practically clear above the dam.

The defendant has made no effort to open a passageway for canoes and boats through its logs in the stream, although it has been requested by the plaintiff and others to make, after the drives, a sufficient channel during the summer season.

The case is reported to the Law Court for decision.

The plaintiff's right of action involves three material questions : 1. Is the Presque Isle Stream a navigable stream? 2. Has the defendant unreasonably obstructed it? 3. Has the plaintiff sustained special damages?

We retain the term "navigable stream" as indicating one which is subject to public use as a highway for the purposes of commerce and travel. The tidal test of navigability adopted by the common law has been found inapplicable to the conditions existing in the United States, and waters are generally declared navigable in a legal sense if they are in fact navigable. *The Daniel Ball*, 10 Wall. 557.

Capabilty of use for transportation is the criterion, and is a question of fact. *Brown* v. *Chadbourne*, 31 Maine, 9; *Treat* v. *Lord*, 42 Maine, 552; *Lancy* v. *Clifford et al.*, 54 Maine, 487; *The Montello*, 20 Wall. 430; *Healy* v. *Joliet etc. R. Company*, 116 U. S. 191; *Rhodes* v. *Otis*, 33 Ala. 578; *Moore* v. *Sanborne*, 2 Mich. 520; *Thunder Bay River Booming Company* v. *Speechly*, 31 Mich. 326.

The extended application of the right of the public to use navigable streams, whether tidal or non tidal, even those of inconsiderable size, as highways for transporting merchandise, rafting and driving logs and propelling boats, has made the terms "navigable" and "floatable" practically synonymous. *Knox* v. *Chaloner*, 42 Maine, 150.

In *Veazie* v. *Dwinel*, 50 Maine, on page 484, the Court say: "All streams in the state of sufficient capacity in their natural condition to float boats, rafts or logs, are deemed public highways and as such are subject to the use of the public."

The Presque Isle Stream above the bridge at Presque Isle for a distance of thirty miles is clearly shown by the evidence to be navigable in fact, and to possess the character which brings it within the class of streams which, though in point of property are private, are subject to the easement of public highways which individuals have no right unreasonably to obstruct.

Public highways afford an equal right to each citizen to their reasonable use, and any unreasonable obstruction that prevents or hinders such use, creates a nuisance in the judgment of the law.

The circumstances of each case are to be considered in determining the use which individuals may make of the public highways, and the same rule prevails in limiting the extent of the right over waters as over the land. Angell on Highways, sec. 229; *Stetson* v. *Faxon*, 19 Pick. 147, and cases cited; *Davis* v. *Winslow*, 51 Maine, 264.

Temporary obstructions are unavoidable and are incident to the legitimate purposes of travel and transportation, and if continued within reasonable limits they do not create a nuisance. But if the encroachment upon the public highway is unreasonable in extent or duration, it is unjustifiable. *Veazie* v. *Dwinel*, 50 Maine, 479; *Gerrish* v. *Brown*, 51 Maine, 256; *People* v. *Cunningham*, 1 Denio, 524.

No circumstances can be supposed which would authorize an individual to convert a navigable stream into a place of deposit for logs or other materials so as to permanently obstruct navigation. *Enos* v. *Hamilton*, 24 Wis. 658. In *McPheters* v. *Moose River*

*Log Driving Company*, 78 Maine, 329, the court by EMERY, J. say: · "When parties deliberately and without compulsion by nature, select a portion of a river as a place for a season's storage of their logs, and thus completely block up another's entrance into the common highway, we think they are exceeding their right and are liable for damages thereby caused."

As applied to the rights of operators in lumbering enterprises, the doctrine of these cases is not questioned by the defendant, but it claims that the storing of drives of logs until they might be manufactured in the usual course of business, interferes with no one having a common right of travel and transportation, as it has monopolized the commercial business on this stream and its tributaries. If the public has in reality become merged in the defendant company, its exclusive use of the stream is justifiable. But the report shows that there are riparian proprietors, including the plaintiff, who have occasion to use the stream in the summer months for floating boats and transporting goods from the Presque Isle Bridge to their cottages, and that sportsmen were accustomed to pass up and down the stream. Their use is valuable and legitimate, differing only in degree from the defendant's use measured by necessity and convenience.

The difference in the nature and importance of the use of a public highway only bears upon the question of reasonable use and not upon the fact of the paramount right. *Woodman* v. *Pitman*, 79 Maine, 456.

The existing conditions which create the purposes of the public use of the Presque Isle Stream are subject to change, and the driving and temporary storing of logs now of principal importance, may become secondary in importance to the travel of summer residents and the transportation of merchandise for their accommodation. In this State, recreation is assuming features and incidents as valuable to the public as trade and manufacturing.

The question, whether the class represented by the plaintiff has the same rights as those distinctively engaged in business, has already been settled in other states. The Supreme Court in Massachusetts has decided that "Navigable streams are highways, and a traveler for pleasure is as fully entitled to protection in using a pub-

lic way, whether by land or by water, as a traveler for business."
*Atty. Gen.* v. *Woods,* 108 Mass. 436 ; *West Roxbury* v. *Stoddard,*
7 Allen, 158 ; *Charlestown* v. *Middlesex County Coms.,* 3 Met.
202 ; *Murdock* v. *Stickney,* 8 Cush. 113 ; *Atty. Gen.* v. *Terry, L.
R.* 9 Ch. 423 ; *Lamprey* v. *State,* 52 Minn. 181.     In *Grand
Rapids* v. *Powers,* 89 Mich. 94, it was held that "Navigability for
pleasure is as sacred in the eyes of the law as navigability for any
other purpose."

The duration and extent of the obstruction of the stream by the
defendant company, shown by the report, must be considered unrea-
sonable and as creating a public nuisance.

The remaining question is difficult only in the application of an
entirely simple rule of law to the facts.     It must be shown by the
plaintiff that by the acts of the defendant he has sustained damages
not suffered by the community at large.     3 Black, Com. 219 ; *Rose*
v. *Miles,* 4 M. & S. 101 ; *Dudley* v. *Kennedy,* 63 Maine, 465.
As generally expressed, he must prove special damages resulting
from the public nuisance to entitle him to a private action, or par-
ticular damage which in cases like the one at bar may be the prefer-
able term.     *Anderson's Dictionary of Law,* 307 ; *Sedgwick on the
Meas. of Dam.* 28, 29, 152, 153.

Instances occur in which the application of the principle is obvious
as where an individual suffers physical injury, injury to his horse or
carriage, or where the access to his dwelling house or place of busi-
ness is directly cut off by an obstruction to the highway.     But there
are others where the distinction between general and special dam-
ages must be determined by the rules of reasonable inference and
the authority of decided cases involving similar facts.     *Quincy
Canal* v. *Newcomb,* 7 Met. 276 ; *Rose* v. *Gross,* 5 M. & G. 613 ;
*Stetson* v. *Faxon,* 19 Pick. 147, supra.

It is held that the particular injury is one not merely greater in
degree but different in kind.     *Aram* v. *Schalenbergen,* 41 Cal. 449 ;
*Wesson* v. *Washburn Iron Company,* 13 Allen, 95 ; *Bullock* v.
*Bullock,* 122 Mass. 3 ; *Brightman* v. *Fairhaven,* 7 Gray, 271.
But it has also been held that a private action is not to be defeated
by the fact that others suffer a similar particular injury.     *Park* v.

*The Chicago etc. R. Company*, 43 Ia. 336; *Lansing* v. *Smith*, 4 Wend. 10; *Bigley* v. *Nunan*, 53 Cal. 403; *Seeley* v. *Bishop*, 19 Conn. 135; *Powell* v. *Bunger*, 91 Ind. 64; *Sohn* v. *Cambern*, 106 Ind. 302; *Brant* v. *Plumer*, 64 Ia. 33.

The mere fact that a person is delayed or compelled to take a circuitous route by an obstruction in the highway, does not necessarily constitute special damages. *Winterbottom* v. *Derby*, L. R. 2 Ex. 316; *Houk* v. *Wachter*, 34 Md. 265; *Holmes* v. *Corthell*, 80 Maine, 31. But where an individual suffers expensive delay or substantial pecuniary loss, in traveling or transporting goods, it may be a particular damage for which he has a right of action. *Greasely* v. *Codding*, 2 Bing. 263, cited with approval in *Norcross* v. *Thoms*, 51 Maine, 503; *Little Rock etc. R. Co.* v. *Brooks et al.*, 39 Ark. 403; *Page* v. *Mille Sac's Lumber Company*, 53 Minn. 492; *Brown* v. *Watson*, 47 Maine, 161; Angell on Watercourses, secs. 95, 96, 567, 572; 1 Hilliard on Torts, 66, 548; R. S., chap. 22, sec. 13.

The reason for the rule which denies an action to an individual for a common nuisance, is that "it would cause such a multiplicity of suits as to be itself an intolerable nuisance." *Quincy Canal* v. *Newcomb*, 7 Met. 276, supra. But with equal justice it was said by Lord Holt in *Ashly* v. *White*, Lord Raymond, 938, "If men will multiply injuries, actions must be multiplied too, for every man that is injured ought to have his recompense."

In this case the plaintiff purchased and built a residence on land bordering on the Presque Isle Stream, a legal highway. No other highway affords him access. The obstruction of the stream not only obstructs his right in common with others to pass up and down the stream, but cuts off his right of access to his private property which is a private right appurtenant to his land, as said in *Whitmore* v. *Brown*, 102 Maine, 47.

And we think upon the authority of the cases and law writers cited that the plaintiff has, in a legal sense, clearly suffered special damages from the acts of the defendant company in obstructing the Presque Isle Stream, not because he has had occasion more than others for its use, but in a particular way as means of ingress and

egress to and from his summer cottage, a use and benefit differing from that required by the public at large. *Venard* v. *Cross,* 8 Kan. 248; R. S., chapter 22, section 13; *Whitmore* v. *Brown,* 102 Maine, 47, *supra.*

> *Judgment for plaintiff for $25, according to stipulation of the parties.*