LEPIRE *v.* KLENK.

1. NAVIGABLE WATERS—INJUNCTION—OBSTRUCTION—EQUITY JURISDICTION—NUISANCE—ABATEMENT.

A private citizen may not maintain an action for the abatement of a nuisance caused by interrupting the navigation of a navigable stream unless he suffers damage peculiar to himself and different from that suffered by the public generally.[1]

[1] As to private right of action for obstruction of navigable stream, see note in 3 L. R. A. (N. S.) 1126.

2. SAME—BILL OF COMPLAINT—DEMURRER—WATERS AND WATER-
COURSES—DAMAGES.

Complainant's bill stated an equitable cause of action in aver-
ring that complainant owns and occupies for residence pur-
poses land abutting upon Fox creek which flows in a south-
westerly direction into Lake St. Clair, that the natural out-
let is stopped up, and complainant has no way of obtaining
good drinking water, ice, provisions and supplies except by
connecting canals that give access to the lake, and are a
public highway, necessary for complainant's use and giving
value to his property, and that defendant has obstructed the
connecting canals so as to prevent complainant from using it.

Appeal from Wayne; Hosmer, J. Submitted Febru-
ary 1, 1912. (Docket No. 134.) Decided March 12, 1912.

Bill by John Lepire against William C. Klenk to enjoin
defendant from maintaining an obstruction in a navigable
stream. From an order overruling a demurrer to the bill
of complaint, defendant appeals. Affirmed.

*Lucking, Emmons & Helfman,* for complainant.
*Daniel P. Cassidy,* for defendant.

Complainant filed his bill of complaint praying that a
certain canal connecting Fox creek with Lake St. Clair
be decreed to be a highway, and that defendant be com-
pelled to remove an obstruction placed therein and be en-
joined from further obstructing the same. The bill alleges
that complainant owns and occupies for residence purposes
land abutting upon Fox creek; that Fox creek flows in a
southerly direction into Lake St. Clair; that for many
months the natural outlet of the creek has been impassable
for rowboat or launch because it is stopped up with weeds,
sand, and dirt; that complainant has no way of obtaining
good drinking water, ice, provisions, and supplies, except
to pass in a rowboat or launch down Fox creek to the first
intersecting canal, thence westerly to a canal running
southerly and parallel to Fox creek, and thence to Lake
St. Clair; that Fox creek and said connecting canals,

which afford a means of access from complainant's property to Lake St. Clair, are a public highway; that this way is necessary to complainant and the only water way by which complainant can obtain supplies or reach the lake; that complainant's premises are chiefly valuable because of the water privileges afforded by Lake St. Clair and the Detroit river; that in August, 1911, defendant placed an obstruction in said canal thereby preventing complainant from using it. To this bill defendant interposed the following demurrer:

" (1) That complainant has not shown in his bill of complaint that he has sustained special or peculiar damage, separate and distinct from that sustained by the public at large, and therefore cannot maintain his suit.

" (2) That complainant has not shown in his said bill of complaint that he has any interest except that possessed by the public in general in the canal described in said bill of complaint, and therefore cannot maintain this suit."

From an order overruling his demurrer, defendant appeals.

BROOKE, J. (*after stating the facts*). The only Michigan case cited by defendant's counsel is *Potter* v. *Railway Co.*, 95 Mich. 389 (54 N. W. 956). It is, we think, apparent that that case is not controlling of the case at bar. It is there held:

(1) That there is no testimony to sustain the claim that the way in question is a navigable stream.

(2) None of plaintiff's lands adjoin it; therefore he has no interest except that possessed by the public in common.

(3) Plaintiff has shown no special damage.

(4) The canal was a private enterprise in which the public never obtained any rights by prescription or otherwise.

This decision is in accord with the weight of current authority, which holds that a private citizen cannot maintain an action for abatement of a nuisance caused by interrupting the navigation of a navigable stream unless he

suffers damage peculiar to himself and different from that suffered by the public generally. 29 Cyc. p. 325 and cases cited; *Esson* v. *Wattier*, 25 Or. 7 (34 Pac. 756); *Jarvis* v. *Railway Co.*, 52 Cal. 438; *Clark* v. *Railway Co.*, 70 Wis. 593 (36 N. W. 326, 5 Am. St. Rep. 187).

The bill of complaint in the instant case clearly sets out facts from which it is apparent that complainant suffers private and direct damage other and different from that suffered by the public at large. It further avers that the way in question is a public highway. For the purpose of determining the question now here, that fact must be taken as admitted by the demurrer. Under the facts alleged in this bill, if sustained by competent evidence, complainant is entitled to the relief sought. *Watts* v. *Boom Co.*, 52 Mich. 203 (17 N. W. 809); *Turner* v. *Holland*, 54 Mich. 300 (20 N. W. 51); *Gifford* v. *McArthur*, 55 Mich. 535 (22 N. W. 28); *Board of Water Commissioners* v. *City of Detroit*, 117 Mich. 458 (76 N. W. 70); *People* v. *Severance*, 125 Mich. 556 (84 N. W. 1089); *Drake* v. *Paper Co.*, 25 Ont. App. Rep. 251; 1 Farnham on Waters and Water Rights, pp. 406–437; *Smart* v. *Lumber Co.*, 103 Me. 37 (68 Atl. 527, 14 L. R. A. [N. S.] 1083).

The order overruling defendant's demurrer is affirmed, with costs, and defendant is given 15 days in which to answer.

MOORE, C. J., and STEERE, MCALVAY, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.