LEPIRE *v.* KLENK.

EASEMENTS—NAVIGABLE WATERS—CANAL—PUBLIC WAY.

Evidence that complainant and other members of the public had used a canal from Lake St. Clair and the Detroit river to and through complainant's premises for many years, that part of it had been improved at the expense of the public and it had been dedicated to the public at the time defendant platted the surrounding land, also, that the stream was the only possible way by which complainant could reach the lake and river from his home, *held,* to justify the court in restraining defendant from obstructing the canal.

Appeal from Wayne; Hally, J. Submitted January 6, 1914. (Docket No. 1.) Decided June 1, 1914. Rehearing denied December 19, 1914.

Bill by John B. Lepire against William C. Klenk for an injunction. From a decree for complainant, defendant appeals. Affirmed.

*Lucking, Helfman, Lucking & Hanlon,* for complainant.

*Daniel P. Cassidy,* for defendant.

McALVAY, C. J. This is an appeal from the Wayne circuit court, in chancery. Complainant filed his bill in that court praying that defendant be temporarily and permanently restrained from obstructing a certain water course which complainant used in passing to and from his house, which was situated thereon, and that complainant and other members of the public "be decreed to have the right to use said stream for any and all purposes for which the public may lawfully use a navigable stream or public highway." A demurrer by defendant to the bill of complaint was overruled, and on an appeal to this court the order of the circuit court was affirmed. *Lepire v. Klenk,* 169 Mich. 243 (134 N. W. 1119, Ann. Cas. 1913E, 50). Reference is had to the opinion in that case for a brief statement of the allegations in the bill of complaint upon which complainant relied for the relief sought. Mr. Justice BROOKE, speaking for the court in that opinion, said:

"The bill of complaint in the instant case clearly sets out facts from which it is apparent that complainant suffers private and direct damage other and different from that suffered by the public at large. It further avers that the way in question is a public highway. For the purpose of determining the question now here, that fact must be taken as admitted by the demurrer. Under the facts alleged in this bill,

if sustained by competent evidence, complainant is entitled to the relief sought" (citing numerous authorities).

Defendant then answered the bill, and a full hearing was had on the merits, which resulted in a decree in favor of complainant, granting him full relief as prayed. The case is now before this court upon an appeal from such decree. The question involved is whether, upon the evidence in the record, complainant is entitled to relief. A digest of the evidence produced by the respective parties and a discussion of the same would be of no benefit to the profession.

Complainant, by a preponderance of the evidence contained in the record, has sustained the material allegations contained in his bill of complaint: That said stream is a navigable stream or canal and a public highway and is the only way possible by which complainant by water may reach Lake St. Clair and the Detroit river from his home, which is located on this stream above the obstruction complained of. This navigable water has been used by complainant and the public freely, without objection or obstruction, as a navigable public highway for many years, and the upper part of it, below complainant's residence, has been improved at the public expense, and a large part of it was dedicated to the public use by defendant at the time this subdivision was platted by him. Complainant has also established the fact that the navigation of this waterway has been wrongfully and wilfully obstructed by defendant by sinking a barge across its channel.

It follows that the decree of the circuit court should be affirmed. Complainant will recover costs to be taxed.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.